POLEN, C.J.
Through this petition for writ of certio-rari, the City of Deerfield Beach (“City”) and the Code Enforcement Board (“Board”) seek to quash the circuit court’s appellate decision which reversed an administrative decision by the Board. The Board found that respondents had violated the City’s Code by operating a group home[1] without a license and having a group home without proper licensing in an RM-25 zone.[2] On the respondents’ petition, the circuit court reversed the Board’s decision. The court opined,
It appears that [respondents are] offering residential facilities to those persons who want to live a specific lifestyle. This does not make them a group home or a half-way house, however. The manner in which the facility is being run would allow it to operate in a RM-25 Zoning District. It may be borderline, but the Court finds it is just inside the outer limits of RM Zoning, not outside. The Court adopts the argument of the appellants and reverses the City’s findings. The Appellants should be issued the appropriate licenses for operating an apartment complex.
On review of an agency decision, the circuit court may not reweigh the evidence nor substitute its judgment for that of the agency. Education Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla,1989) (citation omitted); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). Moreover, “the district court on second-tier certiorari review may not review the record to determine whether the agency decision is supported by competent substantial evidence.” Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1093 (Fla.2000).
The circuit court’s opinion reflects that it reweighed the evidence presented at the quasi-judicial hearing. It even took the unauthorized step of ordering the City to issue the respondents the licenses. Because it applied an improper standard of review with respect to the Board’s decision and thereby applied incorrect law, we hold the City has demonstrated it is entitled to relief.
PETITION FOR CERTIORARI GRANTED; ORDER QUASHED; and REMANDED for further proceedings consistent with this opinion.
STONE, J., and MARRA, KENNETH A., Associate Judge, concur.

. A "group home” is defined in the City's Development Code as "a special residential facility licensed by the Department of Health and Rehabilitative Services.”

. The purpose of a RM-25 district "is to delineate those areas defined by the land use element of the city's comprehensive plan as suitable for tourist accommodations development and high-density residential development up to a maximum of 25 dwelling units per acre.” The property at issue here had 26 units.