725 So.2d 1169 (1998)
METROPOLITAN DADE COUNTY, BOARD OF COUNTY COMMISSIONERS and University Baptist Church, Inc., Petitioners,
v.
Charles DUSSEAU, et al., Respondents.
Nos. 98-1612 & 98-1611.
District Court of Appeal of Florida, Third District.
December 17, 1998.
Rehearing Denied March 10, 1999.
*1170 Robert A. Ginsburg, County Attorney, and Augusto E. Maxwell, Assistant County Attorney, for petitioner Metropolitan Dade County.
Bilzin Sumberg Dunn Price & Axelrod, Stanley B. Price, Eileen Ball Mehta, and Michael W. Larkin, Miami; Steel Hector & Davis and Alvin B. Davis, Miami, for petitioner University Baptist Church.
Shubin & Bass and Jeffrey S. Bass, Miami, for respondents.
Before NESBITT, GERSTEN and GODERICH, JJ.
PER CURIAM.
The petitioners, University Baptist Church, Inc. [UBC] and Miami-Dade County Board of County Commissioners [Commission], seek a writ of certiorari quashing the decision of the Circuit Court, Appellate Division, which reversed the Commission's approval of UBC's zoning application. We grant the petition.
UBC owns 19.7 acres of land that is zoned EU1 (Single Family One Acre Estate District). Under Miami-Dade County land use regulations, churches are permitted as a special exception in areas that are zoned EU1. In November 1996, UBC applied for a special exception to permit the construction of a church on the property. The floor plan that was submitted consisted of a sanctuary, fellowship hall, Sunday School, and administrative space. The application also sought an unusual use approval for a day care center and a sewer lift station.
Initially, the Zoning and Planning Departments were unsatisfied with the site plan. However, after extensive revision of the site plan, the Zoning Division found that UBC's application was compatible with the existing neighborhood and recommended approval. The Planning Division also found that the proposed church was in compliance with the Miami-Dade County Code, consistent with the Comprehensive Development Master Plan, and compatible with the surrounding area. Further, the Department of Environmental Resources Management recommended approval of the application as long as the natural forest community was preserved, to which UBC agreed. The Public Works Department, the Water and Sewer Authority, the Fire Department, the Metro-Dade Transit Agency, the School Board, the Solid Waste Department, the Parks Department, the Public Safety Department, and the Aviation Department also recommended approval of the application.
On December 4, 1996, the County's Zoning Appeals Board denied the application without prejudice. Thereafter, UBC filed its appeal to the Commission.
The Commission heard UBC's appeal on February 20, 1997. During the hearing, UBC explained that all the county agencies that examined the application, including the Zoning Department and Planning Department, recommended approval of the application. Further, UBC presented evidence that indicated that the project complied with or exceeded the Miami-Dade County Code, was consistent with the Comprehensive Development Master Plan, and was compatible with the surrounding area. Other experts also testified in support of the project, including the project architect, an independent real estate appraiser, and a traffic engineer. Finally, UBC's pastor and other clergy also testified in support of the application.
The attorney for the neighbors who opposed the project then spoke in opposition. He stated that the neighbors are not opposed to a church, but that they just "want a simple church." The neighbors' experts, including a land planner and a traffic engineer, testified *1171 in opposition to the project. Neighbors also spoke in opposition to the project.
The Commission approved the application by a vote of 7-2. The Commission's resolution approving the application, however, was subject to 21 conditions.
The neighbors then filed a petition for writ of certiorari with the Circuit Court, Appellate Division, arguing that there was a lack of substantial competent evidence of compatibility under section 33-311(A)(3) of the Miami-Dade County Code. In a 2-1 opinion, the circuit court reversed the Commission's ruling. This petition for writ of certiorari followed.
UBC contends that the circuit court departed from the essential requirements of law. We agree.
The circuit court's majority opinion correctly states that "[i]n order to sustain the action of the Commission, upon review by certiorari in the circuit court it must be shown that there was competent substantial evidence presented to the Commission to support its ruling." [citations omitted]. However, in finding that the Commission's ruling was not supported by competent substantial evidence, the circuit court primarily focused on the testimony presented by the neighbors' attorney and their expert witnesses.
We find that the circuit court departed from the essential requirements of law when it reweighed evidence and completely ignored evidence that supported the Commission's ruling. See Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995)(en banc). Further, a review of the evidence clearly demonstrates that the Commission's ruling was supported by competent substantial evidencethe recommendations of the Zoning and Planning Departments, and the testimony of the project architect, an independent real estate appraiser, and a traffic engineer. Accordingly, we grant the petition.
Petition granted.