761 So.2d 1089 (2000)
FLORIDA POWER & LIGHT COMPANY, Petitioner,
v.
CITY OF DANIA, Respondent.
No. SC93940.
Supreme Court of Florida.
June 15, 2000.
John W. Little, III, Ron A. Adams, and Edwin G. Torres of Steel Hector & Davis LLP, West Palm Beach, Florida; and Jean G. Howard of Florida Power & Light Company, Miami, Florida, for Petitioner.
E. Bruce Johnson, Michael T. Burke, and Christine M. Duignan of Johnson, Anselmo, *1090 Murdoch, Burke & George, P.A., Fort Lauderdale, Florida, for Respondent.
SHAW, J.
We have for review City of Dania v. Florida Power & Light, 718 So.2d 813 (Fla. 4th DCA 1998), based on conflict with Education Development Center v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla.1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve in part and quash in part City of Dania as explained below.

I. FACTS
Florida Power & Light ("FPL") applied for a special zoning exception to build an electrical substation on a parcel of land in the City of Dania ("City") zoned for commercial use. Use of the property for an electrical substation is not a routine use under the Dania Code but is a permitted special exception use. The City Planning and Zoning Board recommended denial of the application, and the City Commission ("Commission") on March 26, 1996, held a public hearing to review the application. Witnesses for FPL attested to several points. First, the unmanned substation would occupy a one-acre site in the middle of a five-acre parcel, and the remainder of the parcel would be dedicated to landscaping and setbacks. Second, the property is rectangular in shape and is bordered on the east and west by vacant property (zoned commercial), on the south by a public road, and on the north by residential property, and only the homeowners on the north objected to the proposed construction.
Homeowners opposing the substation presented witnesses who attested to the following: The value of residential property in close proximity to the substation would be depressed due to the substation; the substation is incompatible with adjoining land uses (i.e., it is incompatible with 780 houses just to the north); and several current landowners would not have bought their property if the substation had been built at the time they purchased their homes.
All five members of the Commission agreed with the recommendation of the Planning and Zoning Board and voted to reject the application. FPL filed a petition for writ of certiorari in the circuit court. A single judge, sitting as the circuit court in its review capacity, reviewed the record, granted the writ, quashed the Commission's decision, and ruled as follows:
An applicant for a special exception use must show that its application meets the statutory criteria for the granting of a special exception. Once the applicant has met this initial burden, the burden shifts to the City Commission to demonstrate by competent substantial evidence that the special exception requested did not meet such standards and was, in fact, adverse to the public interest. Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla.1986). This Court finds that Florida Power & Light Company met its burden of showing that its proposed use satisfied the statutory criteria for the granting of a special exception. The burden then shifted to the [homeowners] to show by competent substantial evidence that the proposed special exception use did not meet the statutory criteria and is adverse to the public interest. ...
FPL's application was for a permitted special exception use. FPL met its burden and showed that its proposed use meets the criteria set forth in the code. The [homeowners] failed to show by competent substantial evidence that such use [was inconsistent with the Dania Code].

Florida Power & Light Co. v. City of Dania, No. 96-5631, slip op. at 3-4 (Fla. 17th Cir. Ct. April 16, 1997) (capitals omitted and emphasis added). The City sought certiorari review in the district court and that court quashed the circuit court order based on the following reasoning:

*1091 We grant certiorari because we conclude that the circuit court substituted its evaluation of the evidence for that of the City. ...
. . . .
We can discern no valid reason why the City, as fact finder, should have been required to disregard the expert testimony and the testimony of the area residents who stated they would not have bought homes in the neighborhood if an electrical substation had been built. The record as a whole contains substantial competent evidence to support a denial of the special exception to build an electrical substation based on two of the City's seven requirements for a special exception....
. . . .
Because the circuit court appears to have substituted its evaluation of the evidence for that of the City ... the circuit court departed from the essential requirements of law.
City of Dania, 718 So.2d at 814-17 (footnote omitted and emphasis added).[1] This court granted review based on conflict with Education Development Center v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla.1989), wherein we held that a district court on "second-tier" certiorari review cannot re-assess the record for competent substantial evidence to support the underlying agency decision.

II. THE APPLICABLE LAW
Section 6.40 of the Dania Code sets forth the formal criteria that a builder must meet in order to be granted a special land use exception by the Commission:
6.40 Special exception uses.
Special exception uses and their related accessory uses or any expansion, enlargement or modification of an existing special exception use shall be permitted only upon authorization by the city commission provided that such uses shall be found by the city commission to comply with the following requirements and other applicable requirements as set forth in this chapter....
(a) That the use is a permitted special exception use as set forth in the Schedule of Use Regulations, City of Dania, in Article 4 thereof.
(b) That the use is so designed, located and proposed to be operated that the public health, safety, welfare and morals will be protected.
(c) That the use will not cause substantial injury to the value of other property in the neighborhood where it is to be located.

(d) That the use will be compatible with adjoining development and the intended purpose of the district in which it is to be located.

(e) That adequate landscaping and screening is provided as required therein.
(f) That adequate off-street parking and loading is provided and ingress and egress is so designed as to cause minimum interference with traffic on abutting streets.
(g) That the use conforms with all applicable regulations governing the district where located, except as may otherwise be permitted for planned unit developments.
Dania, Fla., Code, § 6.40 (1996) (emphasis added). Only parts (c) and (d) are in issue in the present case.
This Court in Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla.1986), delineated the allocation of burdens in a special exception proceeding:
[O]nce the petitioner met the initial burden of showing that his application met the statutory criteria for granting such exceptions, "the burden was upon the [opposing party] to demonstrate, by competent substantial evidence presented at the hearing and made a part of the *1092 record, that the [special] exception requested by petitioner did not meet such standards and was, in fact, adverse to the public interest."
Irvine, 495 So.2d at 167 (emphasis added). In order for the agency to deny a permitted special exception application, the party opposing the application (i.e., either the agency itself or a third party) must show by competent substantial evidence that the proposed exception does not meet the published criteria.
Once the local agency has ruled on the application, the parties may seek review in the court system, twice.[2] First, a party may seek certiorari review in circuit court, i.e., "first-tier" certiorari review. Although termed "certiorari" review, review at this level is not discretionary but rather is a matter of right and is akin in many respects to a plenary appeal.[3] The court must review the record and determine inter alia whether the agency decision is supported by competent substantial evidence. Competent substantial evidence is tantamount to legally sufficient evidence. In contrast to the Irvine "competent substantial evidence" standard of proof, which the agency must apply at the fact-finding level, this first-tier "competent substantial evidence" standard is a standard of review, which the reviewing court must apply. Next, a party may seek certiorari review of the circuit court decision in the district court, i.e., "second-tier" certiorari review. Review at this level is circumscribed and is similar in scope to true common law certiorari review.[4] As a practical matter, the circuit court's final ruling in most first-tier cases is conclusive, for second-tier review is extraordinarily limited.[5]
These two standards of certiorari review were clarified by this Court in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982):
We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court's judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court's judgment, then determines whether the circuit court [1] afforded procedural due process and [2] applied the correct law.
Vaillant, 419 So.2d at 626 (emphasis added).
The Court later compared the two Vaillant standards and concluded that they are similar in several respects: The first prongs of both standards (i.e., the due process prongs) are the same, and the second prongs (i.e., the "essential requirements of the law" and "applied the correct law" prongs) also are equivalent.[6] However, *1093 the Court noted a key difference: The third prong in the circuit court standard (i.e., the "competent substantial evidence" prong) is absent from the district court standard.[7] Thus, the district court on second-tier certiorari review may not review the record to determine whether the agency decision is supported by competent substantial evidence.

III. THE PRESENT CASE
As noted above, the City Planning and Zoning Board recommended denial of FPL's application. The Commission then conducted a review of the application, heard testimony from both sides at a lengthy hearing, and ultimately agreed with the Planning and Zoning Board-unanimously. At the circuit court level, a solitary judge quashed the Commission decision, ruling as follows: "The [homeowners] failed to show by competent substantial evidence that such use [was inconsistent with the Dania Code]" (emphasis added). This ruling was improper. Under Vaillant, the circuit court was constrained to determine simply whether the Commission's decision was supported by competent substantial evidence. The circuit court instead decided anew whether the homeowners had shown by competent substantial evidence that the proposed use was deficient. In other words, a single judge conducted his own de novo review of the application and, based on the cold record, substituted his judgment for that of the Commission as to the relative weight of the conflicting testimony. The circuit court thus usurped the fact-finding authority of the agency.
At the district court level, the court quashed the circuit court decision. The district court ruled as follows: "Because the circuit court appears to have substituted its evaluation of the evidence for that of the City ... the circuit court departed from the essential requirements of law." City of Dania, 718 So.2d at 817. This ruling was proper. Under Vaillant, the district court was required to determine whether the circuit court applied the correct law. As noted above, according to the plain language of its order, the circuit court reweighed the evidence and decided anew the merits of the special exception application. The circuit court thus applied the wrong law (i.e., instead of applying the Vaillant standard of review, the court reapplied the Irvine standard of proof), and this is tantamount to departing from the essential requirements of law (as the district court ruled).[8]
The district court further stated: "The record as a whole contains substantial competent evidence to support a denial of the special exception...." This statement was improper. As explained above, second-tier certiorari review differs from first-tier review in one critical respect: The "competent substantial evidence" component has been eliminated. The district court thus was precluded from assessing the record evidence. Once the district court determined-from the face of the circuit court order-that the circuit court had applied the wrong law, the job of the district court was ended. In proceeding to apply the right first-tier law, i.e., in evaluating the record for competent substantial evidence to support the Commission's decision, the district court usurped the jurisdiction of the circuit court.

IV. CONCLUSION
We decline to conduct our own review of the present record to determine whether the Commission's decision is supported by competent substantial evidence, for to do so would perpetuate the district court's error and usurp the first-tier certiorari jurisdiction of the circuit court. Instead, *1094 we return this case to the circuit court and direct that court to apply the three-prong standard of review set forth in Vaillant. Notably, when applying the third prong, the court should review the record to determine simply whether the Commission's decision is supported by competent substantial evidence.
The district court in the present case may have felt obligated to address the sufficiency of the evidence because the circuit court below consisted of a single judge who earlier had reweighed the evidence. In the Seventeenth Judicial Circuit (where the present case arose), the local court rules permit a single qualified judge to function as the circuit court when conducting first-tier certiorari review.[9] In contrast, the local rules in several other judicial circuits call for the circuit court to sit in multi-judge panels in such cases.[10] No statewide criterion exists at this time. In light of this disparity, we refer this matter to the Rules of Judicial Administration Committee of The Florida Bar for study.
We approve in part and quash in part City of Dania v. Florida Power & Light, 718 So.2d 813 (Fla. 4th DCA 1998), as explained herein.[11]
It is so ordered.
HARDING, C.J., and WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur. PARIENTE, J., recused.
NOTES
[1] The Fourth District Court of Appeal subsequently receded in part from City of Dania. See Martin County v. City of Stuart, 736 So.2d 1264 (Fla. 4th DCA 1999).
[2] See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).
[3] See, e.g., Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995) ("In other words, in such review the circuit court functions as an appellate court and, among other things, is not entitled to reweigh the evidence or substitute its judgment for that of the agency."); see also Philip J. Padavano, Florida Appellate Practice 161 (2nd ed. 1997) ("[T]he scope of review is actually more like a plenary appeal.").
[4] See, Heggs, 658 So.2d at 530 ("In short, we have the same standard of review as a case which begins in the county court.").
[5] See, e.g., William A. Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla. L.Rev. 207 (1977) (explaining that the common law writ of certiorari is an extraordinary remedy).
[6] See Heggs, 658 So.2d at 530 ("[W]e conclude that `applied the correct law' is synonymous with `observing the essential requirements of law.'").
[7] See id. ("The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component."); see also Educ. Dev. Cntr. v. West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla.1989).
[8] See supra note 6.
[9] See City of Dania, 718 So.2d at 815 n. 1.
[10] See, e.g., Martin County v. City of Stuart, 736 So.2d 1264 (Fla. 4th DCA 1999) (utilizing a three-judge panel); Metropolitan Dade County v. Dusseau, 725 So.2d 1169 (Fla. 3d DCA 1998) (utilizing a three-judge panel); State v. Shaw, 643 So.2d 1163 n. 1 (Fla. 4th DCA 1994) (utilizing a four-judge panel); Walberg v. Metropolitan Dade County, No. 97-006AP (Fla. 11th Cir.Ct.App.Div. March 4, 1999) (utilizing a three-judge panel).
[11] We decline to address the other issue raised by FPL because it was not the basis for our conflict jurisdiction.