PER CURIAM.
Michael G. Marshall has filed a petition for writ of certiorari in these zoning cases seeking to quash two decisions of the circuit court sitting in its appellate capacity upholding the determinations of the Pasco County Code Enforcement Board and the Pasco County Board of County Commissioners.
Our review is limited to determining whether the circuit court afforded the petitioner due process and applied the correct law. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). From our review, we conclude the circuit court afforded Marshall due process. In addition, we find that the circuit court applied the correct law in its determination to uphold the administrative decisions under review.
Although the circuit court’s opinion is not a model of clarity and sets forth the standard of review regarding competent and substantial evidence in somewhat of a muddled fashion, that minor flaw does not change the fact that the court arrived at the correct decision after applying the correct law. See Florida Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000) (noting that competent and substantial evidence at the agency level is a level of proof, but at the appellate level it is equivalent to legally sufficient evidence for purposes of review because the circuit court is not allowed to reweigh the evidence or substitute its judgment of the evidence for that of the agency).
Therefore, after having carefully reviewed the record before us, this court denies the petition for writ of certiorari.
*1167 ALTENBERND, A.C.J., and CASANUEVA and SALCINES, JJ„ Concur.