SHAW, J.
We have for review Metropolitan Dade County v. Dusseau, 725 So.2d 1169 (Fla. 3d DCA 1998), based on conflict with Education Development Center, Inc. v. City of West Palm Beach, 541 So.2d 106 (Fla.1989). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We approve in part and quash in part the decision in Dusseau as explained herein.
I. FACTS
University Baptist Church owns 19.7 acres of land in Miami Dade County on which it seeks to build a large new church. The district is zoned for single-family one-acre estates, but churches are a permitted special exception. The project is opposed by Charles Dusseau and other local homeowners, who want just “a simple church.” After exhaustive review, the project ultimately was approved by the following local agencies: the Zoning and Planning Department; the Department of Environmental Resources Management; the Public Works Department; the Water and Sewer Authority; the Fire Department; the Metro Dade Transit Agency; the School Board; the Solid Waste Department; the Parks Department; the Public Safety Department; and the Aviation Department. In spite of these approvals, the Zoning Appeals Board denied the application.
The County Commission heard testimony from both sides at a lengthy hearing and approved the project by a nine-to-two vote. The circuit court reversed, by a two-to-one vote. The court issued an eight-page majority opinion assessing the evidence presented by both sides and concluding as follows:
As there was no competent substantial evidence that the church met the criteria for a special exception and there was competent substantial evidence that the church did not meet the code criteria for the grant of a special exception, certio-rari is hereby granted and the decision of the Metropolitan Dade County Board *1273 of County Commissioners is hereby reversed.
Dusseau v. Board of County Commissioners, No. 97-115-AP, slip op. at 8 (Fla. 11th Cir.Ct. May 22, 1998).
The district court granted certiorari and quashed the circuit court decision, ruling as follows:
The circuit court’s majority opinion correctly states that “[i]n order to sustain the action of the Commission, upon review by certiorari in the circuit court it must be shown that there was competent substantial evidence presented to the Commission to support its ruling.” ... However, in finding that the Commission’s ruling was not supported by competent substantial evidence, the circuit court primarily focused on the testimony presented by the neighbors’ attorney and their expert witnesses.
We find that the circuit court departed from the essential requirements of law when it reweighed evidence and completely ignored evidence that supported the Commission’s ruling. Further, a review of the evidence clearly demonstrates that the Commission’s ruling was supported by competent substantial evidence-the recommendations of the Zoning and Planning Departments, and the testimony of the project architect, an independent real estate appraiser, and a traffic engineer. Accordingly, we grant the petition.
Dusseau, 725 So.2d at 1171 (citation omitted). This Court granted review based on conflict with Education Development Center v. City of West Palm Beach, 541 So.2d 106 (Fla.1989), wherein the Court set forth the appropriate standards governing cer-tiorari review.
II. THE APPLICABLE LAW
This Court recently addressed this issue in Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000), wherein the Court set forth the applicable law governing an application for a special exception:
This Court in Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla.1986), delineated the allocation of burdens in a special exception proceeding:
[Ojnce the petitioner met the initial burden of showing that his application met the statutory criteria for granting such exceptions, “the burden was upon the [opposing party] to demonstrate, by competent substantial evidence presented at the hearing and made a part of the record, that the [special] exception requested by petitioner did not meet such standards and was, in fact, adverse to the public interest.”
Irvine, 495 So.2d at 167 (emphasis added). In order for the agency to deny a permitted special exception application, the party opposing the application (i.e., either the agency itself or a third party) must show by competent substantial evidence that the proposed exception does not meet the published criteria.
Florida Power & Light, 761 So.2d at 1091-92.
This Court in Florida Power & Light further explained that once a local agency has ruled on an application for a special exception, the parties may seek review under the two-tiered certiorari system:
Once the local agency has ruled on the application, the parties may seek review in the court system, twice. First, a party may seek certiorari review in circuit court, i.e., “first-tier” cer-tiorari review. Although termed “cer-tiorari” review, review at this level is not discretionary but rather is a matter of *1274 right and is akin in many respects to a plenary appeal. The court must review the record and determine inter alia whether the agency decision is supported by competent substantial evidence. Competent substantial evidence is tantamount to legally sufficient evidence. In contrast to the Irvine “competent substantial evidence” standard of proof, which the agency must apply at the fact-finding level, this first-tier “competent substantial evidence” standard is a standard of review, which the reviewing court must apply. Next, a party may seek certiorari review of the circuit court decision in the district court, i.e., “second-tier” certiorari review. Review at this level is circumscribed and is similar in scope to true common law certiorari review. As a practical matter, the circuit court’s final ruling in most first-tier cases is conclusive, for second-tier review is extraordinarily limited.
These two standards of certiorari review were clarified by this Court in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982):
We hold that where full review of administrative action is given in the circuit court as a matter of right, one appealing the circuit court’s judgment is not entitled to a second full review in the district court. Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court’s judgment, then determines whether the circuit court [1] afforded procedural due process and [2] applied the correct law.
Vaillant, 419 So.2d at 626 (emphasis added).
Florida Power & Light, 761 So.2d at 1092.
Although first- and second-tier cer-tiorari review are similar in several respects, they are dissimilar in a key respect:
The Court later compared the two Vaillant standards and concluded that they are similar in several respects: The first prongs of both standards (i.e., the due process prongs) are the same, and the second prongs (i.e., the “essential requirements of the law” and “applied the correct law” prongs) also are equivalent. However, the Court noted a key difference: The third prong in the circuit court standard (i.e., the “competent substantial evidence” prong) is absent from the district court standard. Thus, the district court on second-tier certiora-ri review may not review the record to determine whether the agency decision is supported by competent substantial evidence.
Florida Power & Light, 761 So.2d at 1092-93 (footnotes omitted).
III. THE PRESENT CASE
As noted above, although numerous local agencies recommended approval of the church’s application, the Zoning Appeals Board denied the application. The Commission then conducted a lengthy hearing and approved the application. At the circuit court level, the court reviewed the record evidence on both sides and reversed the Commission’s decision based on the following rationale: “[Tjhere was no competent substantial evidence that the church met the criteria for a special exception and there was competent substantial evidence that the church did not meet the *1275 code criteria for the grant of a special exception.” This was error.
Although the circuit court phrased its reversal in terms of “competent substantial evidence,” the plain language of its order shows that the court in fact reweighed the evidence, at length. Instead of simply reviewing the Commission’s decision to determine whether it was supported by competent substantial evidence, the court also reviewed the decision to determine whether it was opposed by competent substantial evidence. The circuit court then substituted its judgment for that of the Commission as to the relative weight of the conflicting evidence. The circuit court thus usurped the fact-finding authority of the agency.
At the district court level, the court ruled as follows: “We find that the circuit court departed from the essential requirements of law when it reweighed evidence and completely ignored evidence that supports the Commission’s ruling.” Dusseau, 725 So.2d at 1171.' This ruling was proper. The Court in Florida Power & Light explained:
Under Vaillant, the district court was required to determine whether the circuit court applied the correct law. As noted above, according to the plain language of its order, the circuit court reweighed the evidence and decided anew the merits of the special exception application. The circuit court thus applied the wrong law (i.e., instead of applying the Vaillant standard of review, the court reapplied the Irvine standard of proof), and this is tantamount to departing from the essential requirements of law (as the district court ruled).
Florida Power & Light, 761 So.2d at 1093.
The district court further stated: “[A] review of the evidence clearly demonstrates that the Commission’s ruling was supported by competent substantial evidence....” Dusseau, 725 So.2d at 1171. This ruling was improper. Again, the Court in Florida Power & Light explained:
As explained above, second-tier certiora-ri review differs from first-tier review in one critical respect: The “competent substantial evidence” component has been eliminated. The district court thus was precluded from assessing the record evidence. Once the district court determined-from the face of the circuit court order-that the circuit court had applied the wrong law, the job of the district court was ended. In proceeding to apply the right first-tier law, i.e., in evaluating the record for competent substantial evidence to support the Commission’s decision, the district court usurped the jurisdiction of the circuit court.
Florida Power & Light, 761 So.2d at 1093.
IV. CONCLUSION
As in Florida Power & Light, we decline to conduct our own review of the present record to determine whether the Commission’s decision is supported by competent substantial evidence, “for to do so would perpetuate the district court’s error and usurp the first-tier certiorari jurisdiction of the circuit court.” [1] Instead, we return this case to the circuit court and direct that court to apply the three-pronged standard of review set forth in Vaillant. Notably, when applying the third prong, the court should review the record to determine simply whether the Commission’s decision is supported by competent substantial evidence.
We reiterate that the “competent substantial evidence” standard cannot be used by a reviewing court as a mechanism for *1276 exerting covert control over the policy determinations and factual findings of the local agency. Rather, this standard requires the reviewing court to defer to the agency’s superior technical expertise and special vantage point in such matters. The issue before the court is not whether the agency’s decision is the “best” decision or the “right” decision or even a “wise” decision, for these are technical and policy-based determinations properly within the purview of the agency. The circuit court has no training or experience — and is inherently unsuited — to sit as a roving “super agency” with plenary oversight in such matters.
The sole issue before the court on first-tier certiorari review is whether the agency’s decision is lawful. The court’s task vis-a-vis the third prong of Vaillant is simple: The court must review the record to assess the evidentiary support for the agency’s decision. Evidence contrary to the agency’s decision is outside the scope of the inquiry at this point, for the reviewing court above all cannot reweigh the “pros and cons” of conflicting evidence. While contrary evidence may be relevant to the wisdom of the decision, it is irrelevant to the lawfulness of the decision. As long as the record contains competent substantial evidence to support the agency’s decision, the decision is presumed lawful and the court’s job is ended.
Based on the foregoing, we approve in part and quash in part Board of County Commissioners v. Dusseau, 725 So.2d 1169 (Fla. 3d DCA 1998), as explained herein.
It is so ordered.
WELLS, C.J., and HARDING, ANSTEAD, LEWIS, and QUINCE, JJ„ concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD and LEWIS, JJ., concur.

. See Florida Power & Light, 761 So.2d at 1093.