STRINGER, Judge.
Sarasota County and the Board of County Commissioners of Sarasota County (together “Sarasota County”) seek certiorari review of the circuit court’s order granting the petition for writ of certiorari filed by BDR Investments, L.L.C., and Rodney Krebs (together “BDR”) and quashing the Board’s denial of BDR’s rezoning petition. Because the circuit court failed to apply the correct law, we quash the order and remand for a redetermination of this cause.
This proceeding concerns a petition filed by BDR seeking the rezoning of a 1280-acre tract of land from “open use rural” to “open use estate” so as to allow for the maximum residential density permitted under the Sarasota County Comprehensive Plan. In October 2002, the Board unanimously voted to deny the rezoning petition. The Board’s resolution states two reasons for its denial of the rezoning petition: (1) the petition is inconsistent with the Comprehensive Plan, and (2) the petition does not comply with the applicable zoning regulations. BDR then petitioned the circuit court for a writ of certiorari, and the circuit court quashed the Board’s decision.
The standard of review of decisions by the circuit court on petitions for writ of certiorari, which is known as “second-tier” certiorari review, is whether the circuit court (1) afforded the parties procedural due process .and (2) applied the correct law. Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000) (citing City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982)). Sarasota County does not claim that the circuit court failed to afford the parties procedural due process. Instead, Sarasota County argues that the circuit court failed to apply the correct law in granting BDR’s petition for writ of certiorari and quashing the Board’s denial of BDR’s rezoning petition.
In its “first-tier” certiorari review of a quasi-judicial zoning decision, the circuit court reviews the record to determine whether (1) the board afforded the parties procedural due process, (2) the board observed the essential requirements of the law, and (3) the board’s decision is supported by competent substantial evidence. City of Dania, 761 So.2d at 1092 (citing City of Deerfield Beach, 419 So.2d at 626). In this case, the circuit court held that the Board deprived BDR of due process and departed from the essential requirements of the law by basing its decision to deny the rezoning petition on a land-use plan that had been adopted by the county but was not yet in effect (“the 2050 Plan”). The court also held that the record does not contain competent substantial evidence to support the Board’s decision.
The supreme court has clarified the analysis to be applied by a board in ruling on a landowner’s petition to rezone property. See Bd. of County Comm’rs of Brevard, County v. Snyder, 627 So.2d 469 (Fla.1993). It is the landowner’s initial burden to prove that the petition is consistent with the comprehensive plan and that it complies with the applicable zoning ordinance’s procedural requirements. Id. at 476. Then the burden shifts to the government to show that there is a legitimate public purpose behind maintaining the existing zoning classification. Id. If the government meets this burden, the board should deny the petition. Id.
As a part of its review on “first-tier” certiorari review in the circuit court, the court must determine if there was competent substantial evidence presented *608 to the board to support its determination. Id. Thus, the circuit court will be presented with two issues: (1) whether competent substantial evidence supports a determination of whether the requested zoning is consistent with the comprehensive plan and complies with the applicable zoning ordinance’s procedural requirements; and (2) whether competent substantial evidence supports a determination of whether there is a legitimate public purpose behind maintaining the existing zoning classification. Town of Manalapan v. Gyongyosi, 828 So.2d 1029, 1033 (Fla. 4th DCA 2002).
In this case, the circuit court partially addressed the first issue and completely failed to address the second. The court based its holding that competent substantial evidence did not support the Board’s denial of the rezoning petition solely on its conclusion that competent substantial evidence did not support the Board’s finding that the rezoning petition was inconsistent with the Comprehensive Plan. However, the circuit court did not consider whether competent substantial evidence supported a determination that (1) the requested rezoning does not comply with the applicable zoning ordinance’s procedural requirements or (2) there is a legitimate public purpose behind maintaining the existing zoning classification. These determinations may have supported a denial of the rezoning petition even if the requested rezoning was consistent with the Comprehensive Plan.
As for the circuit court’s holding that the Board failed to afford procedural due process and departed from the essential requirements of the law by basing its decision on the 2050 Plan, the court appears to be combining the two prongs of “first-tier” certiorari review into one. A finding that the Board departed from the essential requirements of the law by failing to apply the correct law does not automatically result in a failure to afford procedural due process. Furthermore, the court’s conclusion that the Board failed to apply the correct law should have been based on the court’s application of Snyder to the findings articulated by the Board, not on a de novo review of the record to determine the true basis of the Board’s ruling.
Accordingly, the circuit court failed to apply the correct law. We therefore grant the petition for certiorari, quash the circuit court’s order, and remand for further proceedings. On remand, the circuit court should apply the standard of review articulated in Snyder in ruling on BDR’s petition for writ of certiorari.
SILBERMAN and CANADY, JJ., Concur.