ROTHENBERG, J.
(dissenting).
Miami-Dade County seeks second-tier certiorari review of an opinion issued by the circuit court, sitting in its appellate capacity, quashing a decision of the Miami-Dade County Board of County Commissioners (“the Board”). The decision *19 the circuit court quashed was the Board’s affirmance of the denial of Rene Miguel Valdes’ (“Valdes”)[4] application for a district boundary change from RU-1 (single family use) to RU-5A (semi-professional office district), or in the alternative, a use variance to permit RU-5A uses within his property’s RU-1 zoning district. Because the circuit court panel failed to observe the essential requirements of the law during its review, the petition should be granted, and the circuit court’s opinion should be quashed.
The subject property is a single family residence that faces S.W. 82nd Avenue and is one lot south of Coral Way. Because of the increase in traffic and noise along Coral Way, most of the residences that front Coral Way have been converted to nonresidential uses and offices. After public hearings, the lots facing Coral Way were granted use variances converting the residential uses, RU-1, to non-residential office uses, zoned either RU-2 or RU-5A. Although Valdes’ residential property does not face Coral Way, and the properties to the north, east, and west of Valdes are all zoned RU-1, single family residences, he sought approval of a zoning change or a use variance to permit him to use his property as an office. Valdes’ application was rejected. The Board affirmed the denial of Valdes’ application. The circuit court, sitting in its appellate capacity, reviewed the Board’s decision on certiorari review, and quashed the Board’s decision after concluding that the denial of Valdes’ request “appears to us as arbitrary and not fairly debatable” and “[a]s such, the Board’s actions amount to reverse spot zoning which is impermissible.”

THIS COURT’S STANDARD OF REVIEW

Because the circuit court’s opinion is before this Court on second-tier certiorari review, our review is limited to determining whether the circuit court appellate panel afforded the parties procedural due process and followed the essential requirements of the law. Dusseau v. Metro. Dade County Bd. of County Commr’s, 794 So.2d 1270, 1274 (Fla.2001).[5] The parties do not dispute, and I agree with the majority that the circuit court appellate panel afforded the parties procedural due process. The following analysis, therefore, only addresses the second prong and will demonstrate that the circuit court failed to follow the essential requirements of the law and why its opinion must be quashed.

LEGAL ANALYSIS

The circuit court’s opinion must be quashed as the court departed from the essential requirements of the law by: (1) failing to address whether there was competent substantial evidence to support the Board’s decision, opting instead to conduct its own independent review; and (2) ignoring clear and unambiguous statutory authority when it concluded that the group home to the south of the subject property was “commercial in nature.”
(1) Failure to address whether the Board’s decision was supported by competent substantial evidence
Similar to this Court’s review, the circuit court’s certiorari review when it sits in its appellate capacity is prescribed by law. In City of Deerfield Beach, v. Vaillant, 419 *20 So.2d 624, 626 (Fla.1982), the Florida Supreme Court outlined the correct law applicable to the circuit court’s certiorari review as follows:
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence.
Thus, after disposing of the due process issue, the circuit court panel’s review was limited to determining whether the Board followed the law and whether its decision was supported by competent substantial evidence. The circuit court, however, reweighed the evidence and reconsidered the merits of Valdes’ application, which it was not permitted to do, thereby usurping the fact-finding authority of the Board. Id. at 1275.
The circuit court panel stated that it was “not persuaded by the Board’s argument,” and held that the Board’s denial of Valdes’ request for re-zoning appeared arbitrary, and not fairly debatable,[6] resulting in impermissible reverse spot zoning. These findings and the opinion issued by the circuit court reflect that the circuit court: (A) failed to consider whether there was competent evidence that supported the Board’s decision; and (B) reweighed the evidence, which it was not permitted to do.
The circuit court’s findings that the Board’s decision was arbitrary and not fairly debatable are conclusory, as the panel failed to address whether the record facts supported the Board’s decision to deny Valdes’ application. Instead of reviewing the record to determine whether the Board’s decision was supported by competent substantial evidence, the circuit court proceeded to explain, at length, the evidence contrary to the Board’s decision. The evidence contrary to the Board’s decision was, however, outside the scope of the circuit court panel’s review. Dusseau, 794 So.2d at 1276. On first-tier certiorari review, the circuit court’s task was not to reweigh the evidence or to determine if a contrary conclusion could be reached. See Town of Manalapan v. Gyongyosi, 828 So.2d 1029, 1034 (Fla. 4th DCA 2002). In Dusseau, 794 So.2d at 1275-76, the Florida Supreme Court held as follows:
The sole issue before the court on first-tier certiorari review is whether the agency’s decision is lawful. The court’s task vis-a-vis the third prong of Vaillant is simple: The court must review the record to assess the evi-dentiary support for the agency’s decision. Evidence contrary to the agency’s decision is outside the scope of the inquiry at this point, for the reviewing court above all cannot reweigh the “pros and cons” of conflicting evidence. While contrary evidence may be relevant to the wisdom of the decision, it is irrelevant to the lawfulness of the decision. As long as the record contains competent substantial evidence to support the agency’s decision, the decision is presumed lawful and the court’s job is ended.
*21 (emphasis added). Accord Gyongyosi, 828 So.2d at 1034; see also Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1093 (Fla.2000) (holding that where the circuit court “substituted its judgment for that of the City ... the circuit court departed from the essential requirements of the law”); City of Hialeah Gardens v. Miami-Dade Chatter Found., Inc., 857 So.2d 202, 206 (Fla. 3d DCA 2003) (holding that reweighing the evidence is synonymous with failing to observe the essential requirements of the law).
The circuit court’s disagreement with the Board’s decision without deferring to the Board’s fact-finding authority, was clearly error requiring quashal. As the Florida Supreme Court stated in Dusseau:
The issue before the [circuit] court is not whether the agency’s decision is the “best” decision or the “right” decision or even a “wise” decision, for these are technical and policy-based determinations properly within the purview of the agency. The circuit court has no training or experience — and is inherently unsuited — to sit as a roving “super agency” with plenary oversight in such matters.
794 So.2d at 1276.
(2) The panel ignored binding statutory authority
Central to the circuit court panel’s decision was its finding that the denial of Valdes’ request for a zoning change was an impermissible act of reverse spot zoning. Such a finding required the circuit court panel to ignore or reweigh the record evidence and findings of the Board and to ignore binding statutory authority.
Reverse spot zoning occurs when a zoning ordinance prevents a property owner from utilizing his or her property in a certain way, when virtually all of the adjoining neighbors are not subject to such a restriction, creating, in effect, a veritable zoning island or zoning peninsula in a surrounding sea of contrary zoning classification.
City of Miami Beach v. Robbins, 702 So.2d 1329, 1330 (Fla. 3d DCA 1997) (emphasis added).
The circuit court panel found that Valdes’ lot was alone in the “surrounding sea of contrary zoning classification.” In making this finding, the circuit court ignored the record evidence that supported the Board’s findings — that all of the properties surrounding the Valdes property, other than those facing Coral Way, are zoned RU-1 single family residences and based its conclusion, in part, upon its finding that the group home to the south of Valdes’ property was “commercial in nature.” The circuit court reasoned that: “Typically, group homes have caretakers assisting the occupants or providing services to assist the elderly with daily activities. This Court is mindful of these activities and agrees with Mr. Valdez [sic] that operating a group home for the elderly is commercial in nature.” (emphasis added). Thus, the circuit court deemed that the lot was being used for a commercial purpose.
In making this finding, the circuit court panel ignored clear statutory authority. Section 419.001(2), Florida Statutes (2006), specifically defines the type of group home in question as a single family home with a residential use. “Homes of six or fewer residents which otherwise meet the definition of a community residential home shall be deemed a single-family unit and a non-commercial, residential use for the purpose of local laws and ordinances.” (emphasis added). Where the legislature establishes the public policy of the state in crystal-clear terms, the circuit court cannot ignore or re-write the law, nor form its own conclusions.
The circuit court departed from the essential requirements of the law when, *22 without constitutional challenge or a finding holding the statute to be unconstitutional, it failed to apply the statutory definition regulating the treatment of the property on which the group home sits. Thus, the evaluation performed by the circuit court was based upon a false premise that the property to the south of Valdes’ property was “commercial in nature.”

CONCLUSION

The circuit court’s job was simple — to determine whether the Board’s decision was supported by the evidence. Rather than performing this review, the circuit court panel failed to address whether there was competent substantial evidence in the record to support the Board’s findings, reweighed the evidence, ignored binding statutory authority which requires that the group home in question be treated as a single family residence with a non-commercial residential use, and reached its own conclusions. This was a clear departure from the law requiring that the instant petition be granted and the opinion under review be quashed. For the above stated reasons, I respectfully dissent from the contrary opinion reached by my learned colleagues.

. Although the circuit court refers to the respondent as Rene Miguel Valdez, the application reflects that the correct spelling of the respondent’s name is Rene Miguel Valdes.

. In Dusseau, the Florida Supreme Court rioted that the questions of whether the circuit court applied the correct law, and whether the circuit court observed the essential requirements of tire law, are equivalent. Id.

. The "fairly debatable" test sometimes provides for review of legislative municipal zoning actions; however, it "effectively provides” the same standard as the competent substantial evidence standard outlined above. Town of Indialantic v. Nance, 400 So.2d 37, 40 (Fla. 5th DCA 1981), approved, 419 So.2d 1041 (Fla.1982). "By whatever name it is called, the task of the court reviewing a zoning variance decision is to insure that the authority’s decision is based on evidence a reasonable mind would accept to support a conclusion.” Id.