SUAREZ, J.
Miami-Dade County petitions for a writ of certiorari to the Circuit Court, Appellate Division, to quash an opinion overruling a Miami-Dade County Commission resolution that approved a Miami-Dade County zoning determination that the respondents’ property be developed only in accordance with current GU zoning regulations. We have second-tier certiorari jurisdiction. See Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, (Fla.2010); Dusseau v. Metro. Dade Cnty. Bd. of Cnty. Comm’rs, 794 So.2d 1270 (Fla.2001). We grant the petition for certiorari and quash the opinion below as the Appellate Division applied incorrect principles of law.
On February 8, 2006, Thomas and Michelle Torbert (“the Torberts”) requested a determination from the Miami-Dade Department of Planning and Zoning to confirm that they could develop one-acre residences on a sixty-five-acre parcel that was being used to grow agricultural crops. The sixty-five-acre parcel was zoned GU (Interim Zoning District), which requires a minimum lot size of five acres per home-site. The sixty-five-acre parcel was platted and recorded in 1926, as a subdivision of a larger plat known as Florida City Pines. According to the plat, each home-site was one-eighth of an acre. The Tor-berts’ request for a zoning determination relied on a Miami-Dade County resolution, section 33-196,[1] which stated that parcels purchased prior to April 12,1974, “under a contract for deed, or deeded” and meeting the one-acre-per home site requirement of EU-1 District,[2] shall be qualified for uses *972 permitted in the EU-1 District. The Department of Planning and Zoning issued a letter declining to approve the use of the Torberts’ parcel for one-acre home sites, determining that the 1926 plat was invalid and could not be relied upon to change the zoning of the GU Interim District. The Department determined that the plat was invalid and now could not be relied upon because, even though it had been recorded in 1926, it had not been referred to or relied upon in subsequent deeds for sale and purchase thereby invalidating the plat. On April 16, 2007, the Torberts appealed the Department of Planning and Zoning’s determination to the Miami-Dade Board of County Commissioners. In Resolution Z-1-109, the Board of County Commissioners affirmed the Department’s determination. The Torberts appealed County Resolution Z-l-109 to the circuit court. The Circuit Court Appellate Division reversed the Board of County Commissioners in a per curiam decision. The County’s petition for writ of certiorari that followed was quashed by this Court for reissuance of a written opinion. See Miami-Dade Cnty. v. Torbert, 39 So.3d 482 (Fla. 3d DCA 2010). The circuit court then issued a written opinion on motion for clarification quashing Resolution Z-l-109. The circuit court first concluded that the Board of County Commissioners applied incorrect law — holding that the correct law was that the plat was valid as it was recorded in 1926 and had never been revoked. Second, the circuit court concluded that the Board did not base its decision on competent substantial evidence. Last, the circuit court concluded that, based upon the language of section 33-280, defining agricultural district lots (AU District) to contain a minimum of five acres, the Florida City Pines plat constituted an exception to the five-acre-rule, that only one home is permitted on five acres of land.
Miami-Dade County now brings this second-tier petition for writ of certiorari before this Court seeking to reverse the opinion of the circuit court. We grant the petition and issue a writ of certiorari to the circuit court quashing the opinion below on grounds that the circuit court applied incorrect principles of law which resulted in a miscarriage of justice. In doing so, we are mindful of the district court’s limited review on second-tier certiorari. As illustrated by the facts in Dusseau v. Metropolitan Dade County Board of County Commissioners, 794 So.2d at 1270, the Board of County Commissioners conducted a lengthy hearing on the Torberts’ application for zoning determination. Unlike Dusseau, the Board disapproved the Tor-berts’ application for a zoning change. Like Dusseau, at the circuit court level, the court reviewed the record evidence on both sides and reversed the Board’s decision. As Dusseau points out:
Although the circuit court phrased its reversal in terms of ‘competent substantial evidence,’ the plain language of its [opinion] shows that the court in fact reweighed the evidence at length. Instead of simply reviewing the Commission’s decision to determine whether it was supported by competent substantial evidence, the circuit court also reviewed the decision to determine whether it was opposed by competent substantial evidence. The circuit court then substituted its judgment for that of the Commission as to the relative weight of the conflicting evidence. The circuit court thus usurped the fact finding authority of the agency.
Dusseau, 794 So.2d at 1275.
I
Application of Incorrect Law
The circuit court applied incorrect principles of law when it failed to properly determine the issue of the validity of the plat under established Florida law set *973 forth in Supreme Court cases such as Wahrendorff v. Moore, 93 So.2d 720 (Fla. 1957) and MeCorquodale v. Keyton, 63 So.2d 906 (Fla.1953). These cases hold that, when an owner of land subdivides it, according to platted lots and blocks, providing for streets, parks or public ways, upon deeding one or more lots with reference to the plat, any platted restrictions or representations made are binding on the grantees. Accord Sunshine Vistas Homeowners Ass’n v. Caruana, 623 So.2d 490 (Fla.1993); Peninsular Point, Inc. v. S. Ga. Dairy Co-op., 251 So.2d 690 (Fla. 1st DCA 1971). Even more instructive is the case of Tallahassee Investments Corp. v. Andrews, 185 So.2d 705 (Fla. 1st DCA 1966), which holds that where a deed of conveyance contains no reference or reservation of an easement for streets, a beach or public areas, as embodied in a recorded plat, the titleholder is estopped from relying on the plat and from maintaining a position inconsistent with the deed.
Although the facts before us involve the question of the validity of the plat and do not involve an easement or restrictive covenant in a plat, the principles of law in these cited cases apply here — that reservations encompassed in a plat must be referenced in deeds of conveyance in order for the reservations to pass along with title and to be validated. The Florida Supreme Court has long held that a landowner is not required to plat his land incident to selling it. Kass v. Lewin, 104 So.2d 572 (Fla.1958). Even though a recorded plat exists, a landowner “may sell [his land] by the inch, the foot, or the yard, and describe it by metes and bounds.” Garvin v. Baker, 59 So.2d 360, 365 (Fla.1952). If a landowner plats or subdivides his land into lots or blocks, lays off streets and other public ways, designates portions of the land to be parks, playgrounds, and similar facilities and then conveys lots with reference to the plat, he is bound by the plat and representations he has made. McCorquodale, 63 So.2d at 910 (“Whenever owner of a tract of land subdivides the same into lots and blocks, lays off streets and other public ways and designates portions of said lands to be parks, playgrounds or similar facilities, or uses similar words calculated to encourage prospective purchasers to buy said lots and actually sells the lots with reference to the plat, he becomes bound to his grantees by the plat and the representations thereon”). It is the conveyance with reference to the plat that creates the rights in the purchasers to have the plat maintained according to its references. City of Miami v. Fla. E. Coast Ry., 79 Fla. 539, 84 So. 726 (1920). The purchasers acquire rights to the plat only if the plat is conveyed by incorporating it and referencing it in the deed. In accord with these principles, it also follows that prescriptions, boundaries and lot sizes outlined in the original recorded plat only become operative when the plat is referenced as part of any future conveyance. It is not disputed that the 1926 recorded plat was not referred to in hundreds of subsequent deeds. In reaching its conclusion that the Torberts’ plat was valid because it had been recorded and not revoked, the circuit court failed to follow the correct legal principle that the plat may be validated and relied upon only upon reference in future deeds. If it is not referenced, the purchaser may not rely on that plat or its covenants and restrictions. We quash the opinion below and grant certiorari, as the circuit court failed to apply the correct principles of law.
II
Departure from Essential Requirements of Law
The circuit court opinion states that “the resolution of the Board of Mia *974 mi-Dade County Commissioners was not supported by the essential requirements of law and their findings and judgment were not supported by substantial competent evidence.” The circuit court concluded that County Attorney opinion 68-18 and the Public Works Department memo, stating that the plat is not valid because it had not been conveyed or publically dedicated, did not constitute substantial competent evidence to support the determination of the Board. Evidence before the Board of County Commissioners included testimony from the Director of Planning and Zoning and a Miami-Dade County Department of Planning and Zoning recommendation to the Board of County Commissioners. That recommendation makes reference to the County Attorney’s opinion dated February 14, 1968, which states that the plat never was properly executed by the first mortgagee in 1926 and was never legally binding, that all future conveyances of the plat never acknowledged the existence of the plat,[3] and that deeded parcels exceeded the minimum standards of EU-1 District. Therefore, it was the opinion of the Department of Planning and Zoning that the Torberts’ parcel could not be subdivided.[4]
The evidence before the Board was that the Torberts’ land was never conveyed at any point in time with reference to the 1926 plat. This evidence alone was substantial and competent to support the Board’s determination that the Torberts acquired neither any rights in the plat nor any rights to allow them to subdivide the parcel accordingly. Because the record before the circuit court contains substantial competent evidence to support the Miami-Dade County Board of County Commissioners’ determination, the circuit court was compelled to affirm that decision. Dusseau; Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). The circuit court also applied incorrect law to the facts as presented before the Board to conclude that the Torberts acquired rights to the plat and could subdivide their property, and, by so doing, departed from the essential requirements of law.
For these reasons, we conclude that the circuit court incorrectly concluded that substantial competent evidence did not exist to support the determination of the Miami-Dade County Board of Commissioners and applied incorrect law to the facts below, departing from the essential requirements of law. We therefore find that the decision of the circuit court resulted in a miscarriage of justice.
Petition for writ of certiorari is granted and the opinion below is quashed.

. Section 33-196 Standard for determining regulations to be applied.
[[Image here]]
Notwithstanding the foregoing, certain platting activity occurring prior to April 12, 1974, which created lots meeting the minimum requirements of the EU-1 District on April 12, 1974, shall qualify such lots for those uses permitted in the EU-1 District. Those lots shall include only those lots indicated on
(a) plats recorded prior to April 12, 1974, and
(b) tentative plats approved as of April 12, 1974 and finally approved and recorded within ninety (90) days after such approval, and
(c) a tentative plat for single family residential lots approved prior to April 12, 1974, if each lot in the approved tentative plat met the minimum standards of the EU-1 District, provided that no final plat or other tentative plat for the subject property was approved after April 12, 1974, and that as of December 31, 2003, a majority of the lots indicated on the tentative plat had been improved with residences pursuant to building permit in accordance with the tentative plat’s provisions, and Parcels, other than the aforementioned platted lots or tentatively approved platted lots, that prior to April 12, 1974 were purchased under a contract for deed or deeded and met the minimum requirements of the EU-1 District shall be qualified for those uses permitted in the EU-I District.
On April 12, 1974, the Torberts’ parcel did not qualify for uses permitted in the EU-1 District as the recorded plat only called for lot sizes of one-eighth acre.

. Under the EU-1 Zoning District regulations, the minimum lot size is one acre.

. Numerous transactions that occurred after the plat was recorded in 1926 and up until Resolution 4406, adopted by the Board of County Commissioners on June 12, 1960, accepting dedications of plats recorded previously, never recognized the plat.

. The Torberts argued below that Resolution Z-l-109 allowed them to subdivide their parcel because theirs was a plat recorded prior to 1974, and that it met the minimum requirements of the EU-1 zoning. The plat never met the requirements of EU-1 zoning as the plat conformed to one-eighth-acre lots and not to the minimum EU-1 zoning requirement of one-acre lots.