78 So.2d 369 (1955)
JACKSONVILLE COACH COMPANY, a Corporation, Appellant,
v.
Sarah EARLY, Appellee.
Supreme Court of Florida. En Banc.
February 11, 1955.
Rehearing Denied March 14, 1955.
Elmer M. Norton, Lewis Rhea Baxter, and Rogers, Towers & Bailey, Jacksonville, for appellant.
Price & Stewart, Jacksonville, for appellee.
ROBERTS, Justice.
The plaintiff sued the defendant bus company for injuries allegedly caused by the negligence of the company's bus driver, the jury entered a verdict in her favor in the amount of $7,000, and the bus company has appealed.
The accident occurred when the plaintiff alighted from the bus during a rain, crossed an intervening space of three or four feet from the bus to the sidewalk, and then either slipped or fell while stepping up onto the sidewalk or after having reached the sidewalk. The bus was parked away from the curb because of the presence of an automobile illegally parked at the end of the *370 bus loading zone, although there was ample room remaining in the loading zone for the bus to have pulled up behind the automobile and into the curb. The bus driver testified that he did not do so, however, in order to leave room for other busses which were coming in or might come in after him.
The gist of the plaintiff's allegations of negligence is that the bus driver stopped the bus away from the curb, when it could have been pulled in close to the curb, and that it discharged the plaintiff into "gutter water", next to a sidewalk which was constructed of smooth finished terrazzo, which was "made more slippery by rain and was dangerous for persons to tread except in a normal walking gate (sic)". It was further alleged that plaintiff jumped to the sidewalk, her feet failed to gain traction on the wet sidewalk by reason of having been made wet by the gutter water, and she fell, injuring herself.
There is some conflict in the proof of these charges of negligence. The plaintiff herself does not remember how the accident occurred, apparently as a result of a blow she received on her head when she fell. She testified that the bus stopped about three or four feet from the curb, that she saw water running in the gutter, extending about a foot and a half out from the curb; that after she stepped off the bus, she stepped into the water; that she "decided to get to the sidewalk and get under an awning out of the rain the quickest way I could"; and that she "decided to get to the sidewalk without * * * getting in it [the water] any more than I had to." One of plaintiff's witnesses said that the bus stopped from four to eight feet from the curb.
There were three eyewitnesses to the accident. Two of them testified positively that the plaintiff took three or four steps on the sidewalk before she fell. The net effect of their testimony was that the parking of the bus had nothinng to do with the plaintiff's fall, as she apparently reached the sidewalk safely and proceeded safely for three or four steps before she fell. The other witness was not so positive in his recollection of what occurred. He testified that he saw the plaintiff running toward the sidewalk, after getting off the bus, that he glanced away for a couple of seconds, and when he looked back she was in the process of falling on the sidewalk; that she "could have taken a few steps" on the sidewalk, but that, at all times when he saw her, she was slipping; that he didn't see her stepping upon the curb "because just at that time I turned, I didn't see her at the time she stepped up on the curb; when I saw her she was just lifting up her foot to the curb and walking; you couldn't tell where her other foot had been, it could have been in the gutter or upon the sidewalk." He also testified that the plaintiff came toward the sidewalk at an angle and that she "was running and that's all there was to it; just as soon as she hit the curb she fell down." He said that the water running in the gutter was about a foot wide.
From what has been said, it is apparent that the plaintiff has failed to show that the negligence charged against the defendant  if, indeed, the charge as made was sufficient to show a breach of its duty by defendant  was the sole proximate cause of the accident. In her brief, in fact, the plaintiff says that "The charge of negligence is not that the bus merely failed to stop against the curb, but that the bus stopped out from the curb discharging its passenger in water causing her, as any other reasonable person would likely do, to go to the sidewalk unnaturally and in a dangerous manner." (Emphasis added.) We think the plaintiff is hoist on her own petard. If we assume that the bus had actually discharged her into the water (as to which there is no evidence in the record, except that plaintiff said she stepped into the water  her own testimony, as well as that of other witnesses, being that the water in the gutter extended out from the curb only a foot or a foot and a half, and that the bus was stopped three or four feet from the curb), and if we assume further that this was a breach of the defendant's duty to plaintiff, as a result of which she developed pneumonia from the wetting of her feet caused thereby, perhaps the bus company *371 would be required to respond in damages for such illness. But we do not think the bus company can be held liable for the plaintiff's action in going to the sidewalk "unnaturally and in a dangerous manner." Even if she had alighted into water, this was not inherently dangerous  just uncomfortable. And it might be noted that her feet were already wet from walking in the rain to the bus when she boarded it, a block or two before she alighted and met with her unfortunate accident. By her own testimony, she "decided to get to the sidewalk and get under an awning out of the rain the quickest way I could"; (emphasis added) and we fail to see how the bus company can be held liable because she decided to do this "unnaturally and in a dangerous manner."
A corollary of the rule that carriers are held to the highest degree of care for the safety of passengers is that "`passengers should use ordinary care to protect themselves in getting on or off trains, when safe and suitable means of boarding or alighting from trains are provided.'" Atlantic Greyhound Lines v. Lovett, 134 Fla. 505, 184 So. 133, 137. The plaintiff alighted in a safe place. She was not injured by the water in the gutter, and her feet were already wet before she stepped into that water. She knew, or should have known, that a sidewalk, whether made of terrazzo or of concrete, is slippery when wet. Atlantic Terrace Co. v. Rosen, Fla. 1952, 56 So.2d 444. She either ran or jumped up on the sidewalk, trying to get out of the rain or out of the gutter water. In either case, she must be held responsible for the natural consequences of her decision to "go to the sidewalk unnaturally and in a dangerous manner", and cannot thrust the responsibility on the bus company.
While the question of contributory negligence is ordinarily one for the jury, we cannot affirm a verdict where it has no rational predicate in the evidence. A jury's verdict cannot rest on "a mere probability or guess, arbitrary action, whims or caprice." Golden v. Morris, Fla. 1951, 55 So.2d 714, 715. Even if the bus company was guilty of a breach of duty toward plaintiff (which we do not decide, since it is unnecessary), the clear showing by the record that the plaintiff was, as a matter of law, guilty of contributory negligence must bar her recovery.
For the reasons stated, the judgment appealed from should be and it is hereby reversed with directions to enter a verdict for defendant in accordance with its motion made at the close of all the evidence.
Reversed.
MATHEWS, C.J., and TERRELL, THOMAS and HOBSON, JJ., concur.
SEBRING and DREW, JJ., dissent.