821 So.2d 1084 (2002)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Bonnie Jean TRIMBLE, Respondent.
No. 1D01-2425.
District Court of Appeal of Florida, First District.
April 8, 2002.
Rehearing Denied July 26, 2002.
*1085 Enoch J. Whitney, General Counsel, Judson M. Chapman, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for Petitioner.
David M. Robbins and Susan Z. Cohen of Epstein & Robbins, Jacksonville, for Respondent.
ERVIN, J.
The Department of Highway Safety and Motor Vehicles seeks common law certiorari review of a circuit court order that was entered in a certiorari proceeding wherein the circuit court set aside a driver's license suspension order entered by the Department's hearing officer, based upon the circuit court's determination that no competent, substantial evidence (CSE) supported the officer's decision that motorist Trimble had first been given an implied consent warning of her right to refuse to submit to a breath, urine or blood test before she declined to take the test. The Department argues that in so deciding, the circuit court misapplied the law by reweighing the evidence on the issue of whether Bonnie Jean Trimble had been so warned. We cannot agree, and therefore deny the petition.
In a certiorari proceeding concerning an administrative action, the circuit court is required to determine (1) whether procedural due process is accorded, (2) whether the essential requirements of law have been observed, and (3) whether the administrative findings and judgment are supported by CSE. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Educ. Dev. Ctr., Inc. v. City of W. Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla.1989); City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982); Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So.2d 305, 308 (Fla. 1st DCA 1995). When exercising *1086 its certiorari review power, the circuit court is not permitted to reweigh the evidence or substitute its judgment for that of the agency. Favino, 667 So.2d at 308; Educ. Dev. Ctr., 541 So.2d at 108.
The standard of review applicable to the district court of appeal reviewing the circuit court's order is more narrow. The appellate court is limited to determining (1) whether the circuit court afforded procedural due process, and (2) whether the circuit court applied the correct law. Heggs, 658 So.2d at 530; Educ. Dev. Ctr., 541 So.2d at 108; Favino, 667 So.2d at 308. The appellate court does not consider CSE.
In the case before us, the circuit court concluded that the documentary evidence presented by the Department, which was the only evidence submitted to prove its case, was legally insufficient to constitute CSE on the warning issue, because the documents were hopelessly in conflict and the discrepancies on the critical facts went unexplained. For example, the arresting officer's sworn Affidavit of Refusal to Submit to Breath, Urine or Blood Test recited that on September 27, 2000, at 11:40 p.m., Trimble was arrested for DUI. Inconsistently, however, it further recounted that a request was made to Trimble at 12:45 a.m., on September 27, 2000, to submit to a breath test with a warning that a refusal could result in a one-year suspension of her driver's license, but that Trimble had then refused. A printout from the Breathalyzer machine reflected that refusal had occurred at 12:47 a.m. on the 27th.[1] The officer's Alcohol Influence Report, which was not attested to, narrated, however, that the consent warning was given at 12:50 a.m., on the 27th.
In reaching its decision, the circuit court relied upon Hall v. Department of Highway Safety & Motor Vehicles, 4 Fla. L. Weekly Supp. 208 (Fla. 18th Jud. Cir. July 9, 1996), which states, in pertinent part, as follows:
We grant the Writ of Certiorari and quash the action of the Department of Highway Safety and Motor Vehicles in suspending Charles Brockington Hall's driver's license. We find a lack of competent, substantial evidence to support the suspension, or the hearing officer's determination that the inconsistencies between the various documents submitted by the Department were the result of "clerical errors." If the department is going to choose to present no live testimony but to rely exclusively on written documents, then clearly it cannot ask this Court to ignore discrepancies and inconsistencies in the written documentation where the cause for such discrepancies and inconsistencies is not explained by sworn testimony.

The question before us is whether the circuit court's ruling constitutes impermissible reweighing of conflicting evidence, and thus is a misapplication of the law, or whether it is a proper application of the law. The resolution of this issue turns on the meaning and force of the inference derived from the evidence submitted.
CSE has been defined in numerous cases. The seminal case is De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957) (citations omitted), where the court stated:
Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept *1087 as adequate to support a conclusion. In employing the adjective "competent" to modify the word "substantial," we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the "substantial" evidence should also be "competent."
Two years following the De Groot decision, the supreme court further refined the definition of such evidence by explaining:
Although the terms "substantial evidence" or "competent substantial evidence" have been variously defined, past judicial interpretation indicates that an order which bases an essential finding or conclusion solely on unreliable evidence should be held insufficient.
In the case of N.L.R.B. v. A.S. Abell Co., 4 Cir., 1938, 97 F.2d 951, 958, a federal court said that the substantial evidence rule is not satisfied by evidence which merely creates a suspicion or which gives equal support to inconsistent inferences. And in Milford Copper Co. of Utah v. Industrial Commission, 1922, 61 Utah 37, 210 P. 993, 994, the court said that evidence to be substantial must possess something of substantial and relevant consequence and must not consist of vague, uncertain, or irrelevant matter not carrying the quality of proof or having fitness to induce conviction. Surmise, conjecture or speculation have been held not to be substantial evidence. White v. Valley Land Company, 1958, 64 N.M. 9, 322 P.2d 707, 709.
Fla. Rate Conference v. Fla. R.R. & Pub. Utils. Comm'n, 108 So.2d 601, 607 (Fla. 1959).
Florida courts have long recognized that verdicts or findings must be based on something more than mere probabilities, guesses, whims, or caprices, but rather on evidence in the record that supports a reasonable foundation for the conclusion reached. See Jacksonville Coach Co. v. Early, 78 So.2d 369 (Fla.1955); Golden v. Morris, 55 So.2d 714 (Fla.1951); Babcock v. Flowers, 144 Fla. 479, 198 So. 326 (1940).
As in Hall, we cannot say that the circuit court in the instant case misapplied the above law in determining that the documentary evidence presented by the Department was not CSE. The critical determination of when or whether the motorist was given the consent warning required by law as a predicate for the conclusion that she refused to submit to the test, thereby leading to a suspension of the license, was supported only by evidence that gives equal support to inconsistent inferences, and as such can hardly be deemed so sufficiently reliable that a reasonable mind would accept it as adequate to support the conclusion reached. The hearing officer's finding that Trimble was given a consent warning before her refusal could have rested as much on the flip of a coin as on the documentary evidence submitted. As a consequence, we reject the Department's argument that the circuit court's order reweighed the evidence or misapplied the law.
As the issue of procedural due process is not at issue, we conclude that the Department has failed to satisfy its burden for certiorari relief.
PETITION DENIED.
VAN NORTWICK and LEWIS, JJ., CONCUR.
NOTES
[1] Refusal was deemed to have occurred because Trimble did not blow forcefully enough to enable the machine to obtain an alcohollevel reading. Florida Administrative Code Rule 11D-8.002(13) provides: "Refusal or failure to provide the required number of valid breath samples constitutes a refusal to submit to the breath test."