TORPY, C.J.
In this driver’s dicense suspension case, Petitioner seeks second-tier certiorari review of a circuit court decision quashing a final order suspending'Respondent’s driver’s license after 'a formal administrative hearing. Although we disagree with the reasoning of the circuit court panel, we conclude that it reached the right result based on Respondent’s alternative argument advanced below. Accordingly, we deny the petition for writ of certiorari.
Respondent, who is under 21 years of age, was accused of being in actual control of a vehicle with a breath-alcohol content of greater than 0.02, in violation of section 322.2616(l)(a), Florida Statutes (2013). A University of Central Florida police officer located Respondent in the driver’s seat of her car in a public parking garage. The officer suspected that she had consumed alcoholic beverages and asked her to submit to a field breath-alcohol test. She submitted to two tests within a foutMnin-ute interval. The results are in dispute due to discrepancies in the officer’s report and paperwork. Respondent’s breath alcohol level was either .0154 or .154 during the first test, and .028 during the second. Pursuant to section 322.2616(2)(a), the officer suspended Respondent’s driver’s license. Thereafter, Respondent requested a formal review before a Department of Highway Safety and Motor Vehicles hearing officer, pursuant to section 322.2616(2)(b)3. =• •
The hearing was conducted without witnesses. The hearing officer considered Respondent’s objections and legal arguments as well as the documentary evidence previously submitted by the officer. These documents included an Affidavit of Probable Cause, signed by the officer under penalty of perjury; a Breath Test Result Affidavit For Under 21 Suspensions, also given under oath by the officer; and a Notice of Suspension signed by the officer- without an oath. Respondent challenged the documents due to the inconsistent expression of the results. .The Affidavit of Probable Cause indicated that Respondent’s breath-alcohol test results were .0154 and .028. The other two documents indicated that the results . were 0.154 and .028. Based on these inconsistencies, Respondent argued that Petitioner failed to establish a breath-alcohol level of over .02 because one of the indicated test results (.0154). was under the limit. When the hearing officer suggested that he could disregard that portion of the probable cause affidavit as a “scrivener’s error,” Respondent’s counsel argued that such a construction would result in an abnormal deviation between the first test and the second test. The hearing officer agreed to this “conundrum”;
[RESPONDENT’S COUNSEL]: Well, the other thing you need to look at, though, is if that’s really a .154, then how do you get a .028?
*4 THE HEARING OFFICER: Well, that is a conundrum, I agree.
Respondent also argued that the officer’s report failed to establish that he was acting within his jurisdiction, since he failed to designate the location of the incident.
The hearing officer overruled both arguments, concluding that the Affidavit of Probable Cause contained a scrivener’s error and that jurisdiction was not within the scope of his review. On petition for certio-rari to the circuit court, the three-judge panel did not address Respondent’s argument regarding the discrepancy in the documents. It did conclude, however, that Petitioner’s failure to establish jurisdiction was fatal to the suspension order. Accordingly, it quashed the order under review, culminating in this proceeding.
We agree with Petitioner that the circuit court applied the wrong law when it concluded that Petitioner was required to establish that the officer was acting within his jurisdiction. This was an administrative proceeding and the issues for the hearing officer were limited in scope. Section 322.2616(8) provides that review is confined to whether the officer had probable cause to believe that the individual was under 21 and in actual control of a vehicle while the individual’s breath-alcohol level was .02 or higher. Contrary to the argument advanced by Respondent, this particular statutory scheme does not require the hearing officer to determine the legality of the detention, only whether probable causé existed on the three elements: age, control of a vehicle and alcohol level. Cf. Dep’t of Highioay Safety & Motor Vehicles v. Pelham, 979 So.2d 304 (Fla. 5th DCA 2008) (holding that hearing officer had authority to consider lawfulness of arrest in reviewing driver’s license suspension because Implied Consent Law makes lawful arrest prerequisite for alcohol test). .
Notwithstanding our disposition on the jurisdiction issue, it is not necessary to relinquish this case back to the circuit court because there can 'be only one conclusion on Respondent’s alternative ground. Petitioner had the burden to show by a preponderance of the evidence that Respondent had a breath-alcohol level of .02 or higher when the officer discovered her in possession of the vehicle. To do this, Petitioner relied upon inconsistent documentary evidence. The hearing officer was correct in his first conclusion — a scrivener’s error had occurred. His second conclusion, however, regarding which of the, readings was correct, amounted to nothing more than a “flip of a coin” under the most favorable interpretation of the record. In circumstances such as this, the arbitrary choice of one document ovér another does not meet the substantial, competent evidence test. See Dep’t of Highway Safety & Motor Vehicles v. Trimble, 821 So.2d 1084, 1086-87 (Fla. 1st DCA 2002) (holding that license suspension was not supported by competent, substantial evidence where department’s documentary evidence was “hopelessly in conflict” and discrepancies on critical facts went unexplained). We also note that the hearing officer ignored the logical choice in resolving the inconsistency. The disparity between ,0154 and 0.028 is within the expected tolerances for breath-testing equipment. See Fla.. Admin. Code R. 11D-8.002(12). Conversely, a disparity between .154 and .028 exceeds expected tolerances by a factor of over five. The hearing officer acknowledged this “conundrum” but never offered an explanation of why he chose to ignore the obvious.
Although Respondent seems to acknowledge that only one sample is required under section 322.2616, we agree with Respondent that, because two samples were taken and one was under the limit, the *5 inference that Respondent was under the limit is equally plausible. Accordingly, Petitioner, having the burden of proof on this element by a preponderance of the evidence/did not meet this burden by competent, substantial evidence.[1]
We have not overlooked Petitioner s disagreement with Trimble. Below, Petitioner did not address Trimble, despite Respondent’s heavy reliance upon the precedent. Here, Petitioner makes no attempt to distinguish it.; Rather, Petitioner makes the assertion that Trimble is “not good law in this or any other district.” It cites no decision of the Florida Supreme Court rejecting this twelve-year-old precedent. Nor has this Court or any other district court expressed conflict with Trimble. In following it today, we emphasize that not every conflict in' documents must be resolved' against the Department. When the documents conflict on a material issue, however, the hearing officer cannot simply throw a dart to decide which one is corred This does not necessarily mean 'that live testimony is always needed to resolve such conflicts. For example, had the record here contained the machine-generated printout of the results, the hearing officer might appropriately have chosen to prefer it over a report, because it is an inherently reliable expression of the result.
We are aware that' the Department is authorized to proceed without witnesses in a formal review. It also has the authority to compel the attendance of witnesses when it chooses. When it elects the former strategy, however, it does so at the risk that the documents might contain irreconcilable, material contradictions.
PETITION DENIED.
LAWSON and BERGER, JJ., concur.

. Rule 1 ID — 8.002(12) addresses the definition of Approved Breath Alcohol Test and requires two sample's within 15 minutes. Section 322.2616(l)(b) does not specifically and expressly employ this phrase of art. We note, however, that the official form used by the officer here for this specific statute, contemplates and provides blanks for two samples. Because Respondent Seems to concede this point, we need not investigate it further.