VAN NORTWICK, J„
dissenting.
It is clear from this record that the circuit court’s order did not improperly reweigh the record evidence but, rather, it ruled on the credibility of the evidence in the record in determining whether the hearing officer relied on competent substantial evidence. Thus, the circuit court did not apply the incorrect law.[6] As a result, I would deny the petition and respectfully dissent. I concur in the certified question.

Factual and Procedural Background

As described by the majority, Wiggins was arrested for DUI and refused the arresting law enforcement officer’s request to submit to breath-alcohol testing. After the placement of an administrative refusal suspension on Wiggins’ driver’s license, Wiggins requested and was granted a formal administrative suspension review hearing. At the hearing, Wiggins placed into evidence a DVD recording which was viewed at the hearing and showed the entire period from when he was first observed by Deputy Saunders through the arrest. At the conclusion of the evidentia-ry portion of the review hearing, Wiggins’ counsel argued that both the stop of the vehicle and the DUI arrest were unlawful. Based on the record documents and the testimony offered in the review hearing, the hearing officer made certain factual findings, and based on these factual findings, the hearing officer determined that a preponderance of the record evidence supported an affirmance of the administrative suspension pursuant to section 322.2615(8)(a), Florida Statutes. Wiggins’ motions to invalidate the administrative suspension were denied.
Wiggins then filed a petition for writ of certiorari in the circuit court of the Fourth Judicial Circuit. In the petition, Wiggins argued, as he had at the administrative review hearing, that the stop and arrest were unlawful and that there was no competent substantial evidence to support the hearing officer’s findings that the stop and arrest were lawful. The Department asserted, in response, that there was competent substantial evidence in the record to support the hearing officer’s findings as made in the order and that, pursuant to section 322.2615(13), the circuit court was not permitted to conduct a de novo review *472 of the issues from the administrative hearing. The circuit court granted Wiggins’ petition and found that the record failed to contain competent substantial evidence to support the lawfulness of the stop. The circuit court explained its ruling, as follows:
According to the arrest and booking report “the vehicle was drifting and weaving in its own lane traveling at 30 mph in a 45 mph zone, the passenger side tires crossed over the fog line and nearly struck the raised curb before swerving back into the lane.” The video clearly refutes this evidence; in the video the vehicle does not drift and weave within its own lane. Furthermore, the passenger side tires do not cross over the fog line nor do they come close to striking the raised curb. The arrest and booking report further states “after coming to the flashing yellow lights ' at the intersection of Long Bag Road and Blanding Boulevard, the Petitioner braked for no reason and then accelerate, (sic)” The Petitioner did brake slightly when coming to the flashing yellow lights and subsequent to passing the flashing yellow lights slowly accelerated. The arrest and booking report then describes the vehicle as “braking hard again and swerved right as he entered the intersection with Everett Avenue.” The Petitioner did slightly apply the brakes momentarily. However Petitioner did not swerve to the right and almost hit the curb as he was passing through the intersection with Everett Avenue.
The arrest and booking report further describes the driving pattern as “continued south on Blanding Boulevard toward County Road 218 and drifted into the turn lane. While making a wide left turn he had to realign his truck as he straightened out.” This evidence is refuted by the video that shows that the petitioner (sic) did continue driving southbound on Blanding Boulevard. However, the Petitioner deliberately switched lanes into the left turn lane as opposed to drifting. The turn upon leaving the intersection was normal and did not result in the Petitioner having to straighten out the vehicle to complete the turn.
Standing alone, the arrest and booking report and testimony by Deputy Saunders would support the findings of the hearing officer. However, this testimonial evidence is flatly contradicted by the objective evidence on the videotape. The images on the videotape are clear and contain adequate lighting. The hearing officer was in no better position tó evaluate the probative value of this objective evidence than is this court. Viewing the entire record evidence, neither the testimony of Deputy Saunders nor the arrest and booking report constitutes competent substantial evidence on which the hearing officer could rely. In De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957), the court described competent substantial evidence as that “sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the ‘substantial’ evidence should also be ‘competent.’ ”
It was unreasonable as a matter of law for the hearing officer to accept Deputy Saunders report and testimony after this evidence was shown to be erroneous and flatly contradicted by the objective images of the videotape.
Accordingly, the circuit court granted the petition for a writ of certiorari and quashed the Department’s order. The De *473 partment seeks review of this order by-petition for writ of certiorari. As noted, I would deny the petition.

Standard of Review

In considering a petition for writ of cer-tiorari on second-tier review of a circuit court’s order reviewing an administrative order, the various standards of review are a necessary starting point in the analysis. In certiorari proceedings concerning an administrative action, the circuit court is required to apply a three-pronged analysis and determine (1) whether procedural due process was accorded, (2) whether the essential requirements of law have been observed, and (3) whether the administrative findings and judgment are supported by competent substantial evidence. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Educ. Dev. Ctr., Inc. v. City of W. Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla.1989). When exercising its certiorari review power, the circuit court is not permitted to reweigh the evidence or substitute its judgment for that of the agency. Educ. Dev. Ctr., 541 So.2d at 108.
The standard of review applicable to the district court of appeal reviewing the circuit court’s order is more restricted. While engaged in a so-called second-tier review, the appellate court is limited to a two-pronged analysis determining (1) whether the circuit court afforded procedural due process, and (2) whether the circuit court applied the correct law. Heggs, 658 So.2d at 530 (holding that the administrative phrase “applied the correct law” is synonymous with the civil and criminal phrase “observing the essential requirements of law” and, therefore, there is “no justifiable reason for adopting different standards for district court review in such cases”); Educ. Dev. Ctr., 541 So.2d at 108; Dep’t of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d 904, 906 (Fla. 1st DCA 2011). Pursuant to Florida Rule of Appellate Procedure 9.030(b)(2)(B), this secondtier review is. necessarily narrower than the circuit court’s review. Educ. Dev. Ctr., 541 So.2d at 108. This court, unlike the circuit court, may not review the record to determine whether the Department’s decision was supported by competent substantial evidence, see Dusseau v. Metropolitan Dade County Board of County Commissioners, 794 So.2d 1270, 1274 (Fla.2001), because second-tier certiorari is not a means of granting a second appeal. Further, the district court cannot grant certiorari relief simply because it disagrees with the outcome of the circuit court’s decision. Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 726 (Fla.2012). As will be seen from the discussion which follows, the majority misunderstands this court’s responsibility in determining whether the circuit court “applied the correct law.”
With respect to determining whether the circuit court applied the correct law, the district court should grant second-tier certiorari relief “only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) (emphasis added). This court has emphasized the limited nature of this review:
Clearly established law can be derived not only from case law dealing with the same issue of law, but also from an interpretation or application of a statute, a procedural rule, or a constitution provision. When the established- law provides no controlling precedent, however, certiorari relief cannot be granted because without such controlling precedent, a district court cannot conclude that a circuit court violated a clearly establish principle of law. Further, a misapplica *474 tion or an erroneous interpretation of the correct law does not rise to the level of a violation of a clearly established principle of law.
Dep’t of Highway Safety & Motor Vehicles v. Edenfield, 58 So.3d at 906 (internal citations and quotations omitted).

Application of the Correct Law

Relying on Dusseau, the Department argues and the majority agrees that the circuit court did not apply the correct law because it reweighed the evidence and substituted its judgment for that of the hearing officer’s. In Dusseau, the Florida Supreme Court discussed the applicable case law which governs first- and second-tier reviews. The Supreme Court differentiated between a “competent substantial evidence” standard of proof, which is applied by the government agency in the first instance, and a “competent substantial evidence” standard of review, which is applied by the circuit court upon its first-tier review. 794 So.2d at 1274. The Dus-seau court explained that, when the circuit court reweighs the evidence and decides the merits of an agency order, the circuit court applies the wrong law because it applies the competent substantial evidence standard of proof rather than the competent substantial evidence standard of review. Id. at 1275 (citing Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000)). The court further explained in Dusseau that
[t]he sole issue before the court on first-tier certiorari review is whether the agency’s decision is lawful. The court’s task vis-a-vis the third prong of [City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982) ] is simple: The court must review the record to assess the evidentiary support for the agency’s decision. Evidence contrary to the agency’s decision is outside the scope of the inquiry at this point, for the reviewing court above all cannot reweigh the “pros and cons” of conflicting evidence. While contrary evidence may be relevant to the wisdom of the decision, it is irrelevant to the lawfulness of the decision.
Id. at 1276.
Dusseau did not put forth a new understanding of the competent substantial evidence standard of review. That is, in describing first-tier review, the Dusseau court does not require, as the majority states, that reviewing the record in support of the findings of fact involves “culling through the record for whatever bits and pieces of evidence that support an administrative order’s factual findings” while “separating out those portions [of a matter of record] that are supportive of the hearing officer’s findings, leaving contrary or inconsistent evidence on the cutting room floor.” Majority op. at 466. Instead, an item of evidence can be rejected as a whole by the circuit court on first-tier review because it is not legally competent evidence, even though a sentence or phrase within that item might support a finding of fact. Courts employing a competent substantial evidence standard of review, as this court routinely does, are not obliged to disassemble or deconstruct matters submitted into evidence. To so construe the competent substantial evidence standard would essentially render it a meaningless standard, for certainly there is almost always some passing phrase or minor reference in the record evidence which could be seen as support for a finding of fact, even when an item of evidence, when viewed in context as a whole, plainly does not support a finding of fact.
For instance, Dusseau nowhere requires a circuit court on first-tier review to find support for a finding of fact on a single sentence in a document when that docu *475 ment as a whole plainly does not support the finding. To my mind, that is what the majority is here insisting upon: that a circuit court accept parts of a discrete item of record while ignoring that item as a whole. Indeed, the majority says as much when it holds that the circuit court must have found support for a finding of fact made by the hearing officer if “portions of the report, or portions of the officer’s testimony, or portions of the video, or some combination of the three, provided eviden-tiary support for the hearing officer’s findings .... ” Majority op. at 465. Dusseau says no such thing. To mandate a Chinese menu approach to the competent substantial evidence determination in first-tier review will lead to absurd results. Therefore, in my view, the majority reads Dus-seau too broadly.
It is certainly true that a reviewing court on first-tier review may not reweigh the competent evidence already weighed by the finder of fact. Dusseau, 794 So.2d at 1273-74. However, as noted, a court on first-tier review is charged with determining whether findings of fact and the resulting judgment are supported by competent substantial evidence, which means the court of first-tier review is to determine whether there is “legally sufficient evidence.” Id. at 1274 (citing Florida Power & Light, 761 So.2d at 1092).
I do not agree with the Department that, contrary to the requirements of Dus-seau, the circuit court here engaged in a reweighing of the record evidence. As I read the circuit court’s order, the circuit court properly reviewed the record evidence to determine whether the evidence on which the hearing officer relied was sufficiently credible to constitute competent substantial evidence. As noted, the trial court concluded that the arrest and booking report as well as the testimony of Deputy Sanders “were flatly 'contradicted by objective evidence on the videotape.” That is, the trial court concluded that the arrest and booking report, as well as the trial testimony of the officer, were not sufficiently credible to constitute competent substantial evidence.
In the seminal case of De Groot v. Sheffield, 95 So.2d 912, 916 (Fla.1957), the term competent substantial evidence is defined:
Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. In employing the adjective “competent” to modify the word “substantial,” we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the “substantial” evidence should also be “competent.”
After the De Groot decision, the Florida Supreme Court further refined the definition of competent substantial evidence by explaining:
Although the terms “substantial evidence” or “competent substantial evidence” have been variously defined, past judicial interpretation indicates that an order which bases an essential finding or conclusion solely on unreliable evidence should be held insufficient.
Fla. Rate Conference v. Fla. R.R. & Pub. Utils. Comm’n, 108 So.2d 601, 607 (Fla. *476 1959) (emphasis added). In short, evidence which is incredible or unreliable is not competent substantial evidence.
A determination that evidence is not competent substantial evidence does not involve a reweighing of the evidence. As the Florida Supreme Court explained in Tibbs v. State, 397 So.2d 1120, 1128 (Fla.1981), the “weight and the sufficiency of evidence are, in theory, two distinct con-cepts_” As the Supreme Court explained further, “[s]ufficieney is a test of adequacy. Sufficient evidence is ‘such evidence, in character, weight, or amount, as will legally justify the judicial or official action demanded.’” Id. at 1123 (quoting Black’s Law Dictionary 1285 (5th ed. 1979)). In Florida Power & Light, the Florida Supreme Court reiterated that the consideration as to whether a finding is supported by competent substantial evidence necessarily entails a consideration of whether evidence is “legally sufficient.” 761 So.2d at 1092; see Dusseau, 794 So.2d at 1273-74. In contrast, the “weight of the evidence” is the “balance or preponderance of evidence.” Tibbs, 397 So.2d at 1123 (quoting Black’s Law Dictionary 1429 (5th ed. 1979)). That is, it is “a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.” Id. (Emphasis added). Here, the circuit court concluded that the “testimonial evidence” of the officer was not credible, and thus, that testimonial evidence was properly rejected. The trial court did not engage in a weighing of credible evidence against other credible evidence. Accordingly, the trial court did not exceed its proper scope of first-tier review.
This understanding of first-tier review was reaffirmed by this court in Department of Highway Safety & Motor Vehicles v. Trimble, 821 So.2d 1084 (Fla. 1st DCA 2002).[7] In Trimble, the circuit court set aside a driver’s license suspension order based upon its determination that no competent substantial evidence supported the hearing officer’s decision that Trimble had been given an implied consent warning of her right to refuse a breath, urine or blood test before she declined to take the test. Id. at 1085. On second-tier review, this court concluded that the circuit court had not misapplied the law. We explained that
[i]n the case before us, the circuit court concluded that the documentary evidence presented by the Department, which was the only evidence submitted to prove its case, was legally insufficient to constitute CSE on the warning issue, because the documents were hopelessly in conflict and the discrepancies on the critical facts went unexplained.
Id. at 1086 (emphasis added). This court described the dispositive issue before it:
The question before us is whether the circuit court’s ruling constitutes impermissible reweighing of conflicting evidence, and thus is a misapplication of the law, or whether it is a proper application of the law. The resolution of this issue turns on the meaning and force of the inference derived from the evidence submitted.
Id. (emphasis added). This court concluded in Trimble that the circuit court did not engage in a reweighing of evidence, which it was not permitted to do, when it rejected incredible evidence, which it was permitted to do. As we explained, Florida courts have long required that findings must be based “on evidence in the record that supports a reasonable foundation for *477 the conclusion reached.” 821 So.2d at 1087. Put another way, findings must be based on evidence “having fitness to induce conviction.” Id. (quoting Fla. Rate Conference v. Fla. R.R. & Pub. Utils. Comm’n, 108 So.2d 601, 607 (Fla.1959)).
The majority argues Trimble is not applicable as the evidence submitted in that case consisted only of “paper,” whereas Deputy Wiggins gave live testimony before the hearing officer. This distinction is of no consequence. The recognition by this court in Trimble that the evidence relied upon by the hearing officer gave equal support to inconsistent inferences had nothing to do with the documentary character of the evidence. This court’s refusal in Trimble to grant certiorari relief instead was solely dependent on the evidence being so inclusive as to amount to a “flip of a coin,” 821 So.2d at 1087, as the circuit court therein had properly concluded.
In conclusion, while the majority asserts that the circuit court applied the “wrong law,” I must disagree. The circuit court’s consideration of whether the hearing officer relied on competent substantial evidence is an inquiry compelled by Dusseau and Trimble. Accordingly, the circuit court applied the correct law in determining whether the administrative findings and judgment were supported by competent substantial evidence. See Haines City Cmty. Dev., 658 So.2d at 530, and Educ. Dev. Ctr., 541 So.2d at 108. Even the majority recognizes that Dusseau requires a circuit court, on first-tier review, to determine whether a hearing officer’s finding is supported by “competent substantial evidence.” Majority op. at 462. That is all the circuit court did here. Respectfully, it seems to me that the majority here simply disagrees with the circuit court that the testimony of and report from Deputy Saunders were not competent evidence. That is not, however, the issue before us on second-tier review.[8] In fact, by rejecting the circuit court’s conclusion that the hearing officer’s findings were not based on competent substantial evidence, it is the majority which is applying the incorrect law.
Accordingly, I would deny the petition for writ of certiorari.

. There is no argument that the circuit court denied procedural due process.

. On appeal, the Department argues that Trimble conflicts with Dusseau and that Trim-ble was wrongly decided. I disagree. As explained in the text, Trimble does not conflict with Dusseau. Further, I do not agree that Trimble was wrongly decided.

. As noted, this court, unlike the circuit court, may not review the record on second-tier review to determine whether the Department’s decision was supported by competent substantial evidence. Dusseau, 794 So.2d at 1274 (Fla.2001). Further, this court cannot grant second-tier certiorari review simply "because it disagrees with the outcome of the circuit court’s decision.” Nader, 87 So.3d at 726.