IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2688

DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES,

     Petitioner,

v.

ERIC HIRTZEL,

     Respondent.

_____/

Opinion filed March 3, 2015.

Petition for Writ of Certiorari – Original Jurisdiction.

Stephen D. Hurm, General Counsel, and Kimberly A. Gibbs, Senior Assistant General Counsel, Department of Highway Safety & Motor Vehicles, Orlando, for Petitioner.

David M. Robbins and Susan Z. Cohen of Epstein & Robbins, Jacksonville, for Respondent.

BENTON, J.

     Eric Hirtzel's driver's license was administratively suspended after his involvement in a single-vehicle accident on grounds that he was driving while

under the influence of alcohol, and had a breath alcohol level above 0.08. At a formal review hearing, Mr. Hirtzel denied being intoxicated at the time he was driving his vehicle, claiming that he consumed alcohol only after the accident occurred.

Finding otherwise based on the evidence before him, the Department of Highway Safety and Motor Vehicles (Department) hearing officer upheld the suspension of Mr. Hirtzel's driver's license. On certiorari review, however, the circuit court quashed the license suspension, ruling there was no competent, substantial evidence in the record to establish that Mr. Hirtzel was impaired by alcohol at the time he was driving. Because the circuit court conducted, in essence, a de novo review of the hearing officer's factual findings and reweighed the evidence in violation of section 322.2615(13), Florida Statutes (2010), we grant the Department's petition.

According to the evidence presented to the hearing officer, three law enforcement officers responded to a report of a single-vehicle accident in an apartment complex, although not simultaneously. When Officer C.R. Deal arrived he found Mr. Hirtzel sitting on the ground next to a Chevrolet Trail Blazer lying on its (passenger) side. Fortunately not seriously hurt, Mr. Hirtzel was visibly intoxicated: his speech was slurred; his face was red; his eyes were bloodshot; and his breath smelled of alcohol. Law enforcement officers observed all these indicia

2

of intoxication a full hour after the accident. Mr. Hirtzel refused to attempt standard field sobriety exercises but did take a breath test. The results of the breath alcohol test were 0.196 and 0.185 grams of alcohol per 210 liters of breath, far above 0.08, the legal limit. §§ 316.193(1)(c); 322.2615(1)(a), Fla. Stat. (2010).

Moments before the accident, the officers were told, Mr. Hirtzel was speeding through the apartment complex parking lot, yelling an obscenity at a resident. Mr. Hirtzel himself told officers that he was driving his "truck" when he hit a speed bump or pot hole, which caused the vehicle to flip onto its side. Based on a witness's account, however, the investigating officers concluded that Mr. Hirtzel's vehicle had in fact flipped when he drove it into a wooden post, not a speed bump or pot hole.

Significantly, when officers asked Mr. Hirtzel whether he had been drinking alcohol, Mr. Hirtzel answered, "Yes." Presumably aware of the officers' interest in how and why the accident had occurred, Mr. Hirtzel said nothing to them to indicate that it was only after the accident that he began to consume alcohol. Not one of the three law enforcement officers who testified at the formal review hearing, nor any of their reports received in evidence, reflected that Mr. Hirtzel had in any way qualified his affirmative answer that he had been drinking alcohol.

Nevertheless, at the formal review hearing, Mr. Hirtzel testified that he had abstained from drinking alcohol before the accident, and claimed that it was only

3

after flipping his vehicle that he drank "hunch punch," an alcoholic beverage purportedly offered to him by somebody (he did not say whom) socializing at the pool shared by residents of the apartment complex.

Unsurprisingly, the hearing officer concluded from the foregoing evidence that there was "sufficient cause . . . to sustain . . . the suspension" of Mr. Hirtzel's driver's license. § 322.2615(7), Fla. Stat. (2010). Upon Mr. Hirtzel's petition for writ of certiorari, however, the circuit court quashed the suspension and concluded that there was no competent, substantial evidence in the record that Mr. Hirtzel was impaired by alcohol at the time he was driving his vehicle. The Department now seeks review of the circuit court's order.

On first tier certiorari review of a hearing officer's decision, the circuit court had to decide whether procedural due process was accorded, whether the essential requirements of law were observed, and whether the hearing officer's factual findings are supported by competent, substantial evidence. State, Dep't of Highway Safety & Motor Vehicles v. Wiggins, 151 So. 3d 457, 462 (Fla. 1st DCA 2014), review granted, 2014 WL 7251666 (Fla. Dec. 17, 2014). The competent, substantial evidence standard requires the circuit court to defer to the hearing officer's findings of fact, see id. at 465, unless there is no competent evidence of any substance, in light of the record as a whole, that supports the findings. See Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed.

4

456 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight."). Compare Miller v. State, Div. of Ret., 796 So. 2d 644, 646 (Fla. 1st DCA 2001) (concluding that the decision below did not rest on a finding of fact unsupported by competent, substantial evidence in the record), with Arnold v. Florida's Blood Ctrs., Inc., 949 So. 2d 242, 246–47 (Fla. 1st DCA 2007) (determining that evidence, although competent, was not substantial).

On second tier certiorari, our review is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. Wiggins, 151 So. 3d at 461–62. The circuit court applies the incorrect law when it reweighs evidence and ignores evidence that supports the hearing officer's decision. See § 322.2615(13), Fla. Stat. (2010); Dusseau v. Metro. Dade Cnty. Bd. of Cnty. Comm'rs, 794 So. 2d 1270, 1275 (Fla. 2001); Wiggins, 151 So. 3d at 463; see also Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So. 2d 305, 309 (Fla. 1st DCA 1995) ("By failing to apply the correct standard of review, the circuit court failed to apply the correct law."). Mere citation of the correct standard of review does not insulate a circuit court's order from review. See Wiggins, 151 So. 3d at 463 ("It is not the label a circuit court uses to describe its analysis that matters; instead, it is whether the circuit court applied the established and limited methodology of looking only for whether competent substantial

5

evidence existed in support of the challenged administrative decision.") (discussing Dusseau, 794 So. 2d at 1275).

The present case resembles Favino, where we set aside an order quashing a license suspension in similar circumstances. There, Favino rear-ended another vehicle, left the scene of the accident, and drove to his house, where officers found him approximately twenty-five minutes later. See Favino, 667 So. 2d at 307. The officers testified that Favino showed signs of intoxication and was drinking grapefruit juice when they arrived. See id. Favino ultimately refused to submit to a breath alcohol test, but the hearing officer upheld the suspension of Favino's license, concluding that officers had probable cause to believe that he was intoxicated at the time he was involved in the accident. See id.

Like Mr. Hirtzel, Favino then petitioned the circuit court for a writ of certiorari, arguing that there was no direct evidence he drank alcohol prior to the accident, and the circuit court quashed the license suspension on the ground that the hearing officer's decision was not supported by competent, substantial evidence. See id. at 308. On second tier certiorari review, however, the hearing officer's findings of fact were given appropriate deference, and the circuit court's order was quashed. See id. at 309.

The Favino court contrasted the question before the hearing officer— whether officers had probable cause to believe Favino was driving while

6

intoxicated—with the question before the circuit court—whether there was competent, substantial evidence to support the hearing officer's finding of probable cause. See id. at 308–09. We explained that probable cause may rest on reasonable inferences, and that the facts constituting probable cause "'need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which conviction must be based.'" Id. at 309 (quoting State v. Riehl, 504 So. 2d 798, 800 (Fla. 2d DCA 1987)). As a result, we reasoned that, in order to conclude there was no evidence giving probable cause to believe that Favino was driving under the influence of alcohol, one had to "ignore the obvious implications of the facts and circumstances made known to the officer. Clearly, the facts and circumstances were sufficient for a reasonable person to conclude that Favino operated his motor vehicle while under the influence of alcohol . . . ." Id.

We concluded in Favino that the circuit court necessarily reweighed the evidence when it rejected the hearing officer's findings, despite competent, substantial evidence in the record that supported the findings. See id. In those circumstances, indistinguishable from the posture of the case now before us, the Favino court held that the circuit court failed to apply the correct law and that certiorari relief should be granted to the Department. See id.; see also Dep't of Highway Safety & Motor Vehicles v. Rose, 105 So. 3d 22, 24 (Fla. 2d DCA 2012) ("By ignoring or overlooking the evidence of [impairment] and the hearing

7

officer's findings in that regard, the circuit court improperly reweighed the evidence and therefore applied the incorrect law.").

The circuit court in the present case was tasked with searching the record for competent, substantial evidence supporting the hearing officer's finding of probable cause. See Wiggins, 151 So. 3d at 464. Although the circuit court stated the correct standard of review, its order demonstrated that, rather than applying the correct standard of review, the circuit court reweighed the evidence and substituted its view of the evidence for that of the hearing officer. The circuit court's order did not address the evidence that supported the hearing officer's finding of probable cause, omitting any mention of the officers' testimony that Mr. Hirtzel admitted to drinking alcohol; that Mr. Hirtzel stated his vehicle flipped after hitting a pot hole or speed bump when, in fact, it overturned after he hit a wooden post, according to the officers who investigated the crash; and that Mr. Hirtzel was seen speeding and shouting moments before the accident.

We agree with Judge Lagoa's opinion in Dep't of Highway Safety & Motor Vehicles v. Fernandez, 114 So. 3d 266, 272 (Fla. 3d DCA 2013), when she wrote:

> "An important factor to consider when determining whether the circuit court's error amounts to a 'miscarriage of justice' is the adverse precedential effect the error might have on subsequent cases." Dep't of Highway Safety & Motor Vehicles v. Hofer, 5 So. 3d 766, 772 (Fla. 2d DCA 2009); see also Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So. 2d 141, 145 (Fla. 2d DCA 2002). Where a circuit court's decision

8

fails to apply the correct law and establishes "principles of general application binding in subsequent cases," certiorari review is warranted. Hofer, 5 So. 3d at 772; see also Alliston, 813 So.2d at 145 (explaining that certiorari review is appropriate where an error "is pervasive or widespread in its application to numerous other proceedings").

Here, the State has a strong interest in regulating a citizen's driving privilege, Dep't of Highway Safety & Motor Vehicles v. Hagar, 581 So. 2d 214 (Fla. 5th DCA 1991), and in keeping the public safe from persons that choose to operate vehicles while using intoxicants. Illinois v. Batchelder, 463 U.S. 1112, 1118, 103 S.Ct. 3513, 77 L.Ed.2d 1267 (1983) ("The interest of the states in depriving the drunk driver of permission to continue operating an automobile is particularly strong.").

Here, too, in the interests of public safety, we are constrained to adhere to the precedent we have laid down in cases like the present one.

The circuit court's departure from clearly established law in the present case warrants relief. See Wiggins, 151 So. 3d at 470 ("Failing to apply the applicable standard of certiorari review . . . meets this standard."). Accordingly, we grant the Department's petition, quash the circuit court's order, and remand for application of the correct law.

BILBREY, J., CONCURS; CLARK, J., DISSENTS WITH OPINION.

9

CLARK, J., dissenting.

Circuit courts *must* review a hearing officer's findings and conclusions for support by competent, substantial evidence. Where the circuit court undertakes this mandated review, this Court is without authority to second-guess the answer. Because the circuit court here correctly selected the legal question, the answer matters not. As the majority simply finds error in the circuit court's answer, I dissent. Circuit courts have a mandate to independently review a hearing officer's findings and conclusions for competent, substantial evidence; they are not merely rubberstamps for a hearing officer's orders.

The circuit court was required to review the hearing officer's order for competent, substantial evidence. State, Dep't of Highway Safety & Motor Vehicles v. Wiggins, 151 So. 3d 457, 462 (Fla. 1st DCA 2014), review granted, 2014 WL 7251666 (Fla. Dec. 17, 2014); Dep't of Highway Safety & Motor Vehicles v. Trimble, 821 So. 2d 1084, 1086 (Fla. 1st DCA 2002). "Substantial," the focus here, pertains to the weight of the evidence. Substantial evidence "will establish a substantial basis of fact from which the fact at issue can be reasonably inferred." Trimble, 821 So. 2d at 1086 (quoting DeGroot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957)). Or put another way, "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." Id. at 1086-87 (quoting DeGroot, 95 So. 2d at 916). The evidence must "support[] a reasonable foundation

10

for the conclusion reached." Id. at 1087. Substantial evidence is not evidence "which merely creates a suspicion or which gives equal support to inconsistent inferences." Id. Further, "[s]urmise, conjecture or speculation" are not substantial. Id. Substantial evidence requires more than "mere probabilities, guesses, whims, or caprices." Id.

Accordingly, the circuit court *must* review whether the Department's evidence rose to this legal standard; i.e., the "the meaning and force of the inference derived from the evidence submitted," "the well-established law on what constitutes competent substantial evidence". See Wiggins, 151 So. 3d at 469-71; Trimble, 821 So. 2d at 1086-87. The circuit court *must* analyze whether the evidence is substantial.

Where the circuit court analyzes this question, its answer is of zero consequence. Gables Ins. Recovery, Inc. v. Progressive Express Ins. Co., 40 Fla. L. Weekly D96, 2014 WL 7444598, at *1-2 & n.1 (Fla. 3d DCA Dec. 31, 2014) (specifically disagreeing with circuit court's legal analysis, yet still dismissing second-tier certiorari petition because circuit court analyzed proper question); Dep't of Highway Safety & Motor Vehicles v. Edenfield, 58 So. 3d 904, 906 (Fla. 1st DCA 2011) ("[A] misapplication or an erroneous interpretation of the correct law does not rise to the level of a violation of a clearly established principle of law."); Dep't of Highway Safety & Motor Vehicles v. Roberts, 938 So. 2d 513,

11

515 (Fla. 5th DCA 2006) (explaining that if circuit court selects correct standard, it is not for appellate court to determine whether court applied the standard correctly). This Court *must* accept the circuit court's answer so long as the circuit court chose the correct question.

Here, the circuit court did not evaluate Mr. Hirtzel's explanation against the officer's explanation. The court specifically paid it no weight—as it should have, explaining that Mr. Hirtzel's testimony was "moot." Second, the officer gave *no* direct explanation. There was a dearth of evidence. Cf. Wiggins, 151 So. 3d at 460-61 (officer testified to actually seeing errant driving); Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So. 2d 305, 309 (Fla. 1st DCA 1995) ("Clearly, the facts and circumstances were sufficient . . . ."). The question the circuit court asked here was the weight of the inferences derived from surrounding circumstances. Simply put, the entire case was a guess based on the surrounding circumstances.

Accordingly, the circuit court asked its mandated question: Would a reasonable mind accept the facts as adequate to establish a fair probability Mr. Hirtzel was intoxicated at the time of driving? Or do the facts amount to a suspicion, conjecture, or guess that Mr. Hirtzel was intoxicated at the time of driving? The circuit court answered this legal question *no*. Circuit courts *must* ask

12

this question, and this Court must provide complete deference to the answer—irrespective of whether it agrees.

Here, the majority cites circumstantial evidence and concludes it meets the legal standard of substantial. This usurps the circuit court's mandate by selecting a different answer to the question of whether the circumstantial evidence met the legal standard of substantial. Circuit courts *must* be permitted to err in analyzing the correct question—the second-tier certiorari standard demands this. Taken to its end, circuit courts become nothing more than rubberstamps.

The circuit court acknowledged its task and understood its scope of review. It is imperative circuit courts undertake their mandated review of whether an order is supported by competent *and* substantial evidence. Circuit courts *must* apply "the well-established law on what constitutes competent substantial evidence." See Wiggins, 151 So. 3d at 469, 469-71; Trimble, 821 So. 2d at 1086-87. And this Court *must* accept the circuit court's answer—irrespective of how much this Court may disagree with the answer. See Edenfield, 58 So. 3d at 906; see also Gables Ins. Recovery, Inc., 2014 WL 7444598, at *1-2 & n.1; Roberts, 938 So. 2d at 515.

Because the majority simply substitutes its answer for that of the circuit court's, I dissent. The circuit court's exercise of its mandate to review orders for competent, substantial evidence should be affirmed, and the petition dismissed.