# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-3482
LT Case No. 2024-AP-043232

_____

DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR VEHICLES,

    Petitioner,

    v.

JADON WILLIAM BEGERA,

    Respondent.

_____

Petition for Certiorari Review of Order from the
Circuit Court for Brevard County.
Alan Segal, George Thomas Paulk, II, and Jigisa Bhikhubhai
Dookhoo, Judges.

Linsey Sims-Bohnenstiehl, Assistant Attorney General,
Department of Highway Safety and Motor Vehicles, Tallahassee,
for Petitioner.

Robert R. Berry, of The Law Office of Robert R. Berry P.A.,
Tallahassee, for Respondent.

September 19, 2025

PER CURIAM.

    The Department of Highway Safety and Motor Vehicles
("Petitioner") seeks second-tier certiorari review of an order by the

Brevard County Circuit Court ("Circuit Court") quashing an administrative decision affirming the suspension of Respondent Jadon William Begera's driver's license. Because the Circuit Court applied the incorrect law in concluding that there was no competent, substantial evidence to affirm the suspension, we grant the petition.

Petitioner suspended Respondent's driver's license after Respondent refused to submit to a breath, blood, or urine test when he was arrested for driving under the influence. Respondent challenged the suspension through a formal review under section 322.2615, Florida Statutes (2024), and chapter 15A-6, Florida Administrative Code (2024). Petitioner submitted twelve documents supporting the suspension; Respondent argued that the documents did not constitute competent, substantial evidence and that live witness testimony was required. The hearing officer disagreed and affirmed the suspension. He found that the documents were "adequate to support the conclusion" that "the breath request and implied consent reading were subsequent to a lawful arrest," and any conflict between the documents was reconcilable.

Respondent petitioned the Circuit Court by writ of certiorari. He argued that Petitioner violated the essential requirements of law by failing to submit live witnesses to clear up any discrepancy between the documents, thereby providing no competent, substantial evidence to affirm the suspension. After hearing oral argument, the Circuit Court granted Respondent's petition. Citing *Department of Highway Safety & Motor Vehicles v. Trimble*, 821 So. 2d 1084 (Fla. 1st DCA 2002), the Circuit Court concluded that there was no competent, substantial evidence to support the suspension. In its judgment, the documentary evidence was "hopelessly in conflict" to the point that choosing to believe one document over another "rested as much on the flip of a coin." In particular, the refusal affidavit listed a time of 9:06 p.m.; however, all other documents noted that Respondent was arrested *after* 9:06 p.m. Based on the refusal affidavit, the Circuit Court concluded that competent, substantial evidence did not support the hearing officer's finding that Respondent's refusal followed his arrest.

On first-tier certiorari review of a hearing officer's decision, a circuit court is required "to defer to the hearing officer's findings of fact, unless there is no competent evidence of any substance, in light of the record as a whole, that supports the findings." *Dep't of High. Saf. & Motor Veh. v. Hirtzel*, 163 So. 3d 527, 529 (Fla. 1st DCA 2015) (citation omitted). On second-tier certiorari review of a circuit court's decision, we are limited to determining "whether the circuit court afforded procedural due process and whether it applied the correct law." *State Farm Fla. Ins. Co. v. Unlimited Rest. Specialists, Inc.*, 84 So. 3d 390, 393 (Fla. 5th DCA 2012). "The circuit court applies the incorrect law when it reweighs evidence and ignores evidence that supports the hearing officer's decision." *Hirtzel*, 163 So. 3d at 530.

In *Trimble*, the circuit court reversed the suspension of a driver's license for failure to submit to a breath, urine, or blood test after an arrest. 821 So. 2d at 1085. Like here, the Department submitted only documentary evidence. *Id.* at 1086. The circuit court found that there was no competent, substantial evidence to support the suspension because the documents showed that the driver refused to submit to a test at around 12:50 a.m. but was not arrested until 11:40 p.m. *on the same day. Id.* The district court affirmed because the hearing officer's finding that the refusal followed the arrest "was supported only by evidence that gives equal support to inconsistent inferences" and "could have rested as much on the flip of a coin as on the documentary evidence submitted." *Id.* at 1087.

This case is different. The Circuit Court concluded that there was no competent, substantial evidence to support the suspension and overturned the hearing officer's decision because the refusal affidavit listed an earlier time than the time of arrest. However, the same officer who completed the refusal affidavit affirmed in his probable cause affidavit that he arrived after Respondent was first observed at 9:06 p.m., and that Respondent was arrested at 9:31 p.m. and refused to submit to a test after the arrest. Furthermore, other evidence indicated that Respondent was first seen at 9:06 p.m. True, the refusal affidavit listed 9:06 p.m.—the time when Respondent was first seen, according to the other evidence—as the time when he refused to submit to a test. But that discrepancy is easily resolved and not so stark as to place the hearing officer in a

position of being forced to arbitrarily choose one document over another. *See Dep't of High. Saf. & Motor Veh. v. Colling*, 178 So. 3d 2, 5 (Fla. 5th DCA 2014) (noting that *Trimble* permits material inconsistencies in the record when they are resolvable by other evidence, including resolution by inferences); *cf. Dep't of High. Saf. & Motor Veh. v. Cochran*, 798 So. 2d 761, 763–64 (Fla. 5th DCA 2001) (holding that a possible defect in an affidavit alone is not a sound basis to overturn the hearing officer's findings when other evidence supported the findings). And indeed, the hearing officer did not simply flip a coin. Rather, he weighed the evidence, found a "clear, chronological narrative within the probable cause affidavits," and determined that the refusal occurred after the arrest.

In concluding that no competent, substantial evidence supported the hearing officer's finding, the Circuit Court applied the incorrect law. *See Hirtzel*, 163 So. 3d at 530; *Dep't of High. Saf. & Motor Veh. v. Favino*, 667 So. 2d 305, 309 (Fla. 1st DCA 1995). Therefore, certiorari is warranted. *See Dep't of High. Saf. & Motor Veh. v. Stenmark*, 941 So. 2d 1247, 1249 (Fla. 2d DCA 2006); *Dep't of High. Saf. & Motor Veh. v. Swegheimer*, 847 So. 2d 545, 546 (Fla. 5th DCA 2003). We need not and do not address Petitioner's remaining issues. We grant the petition, quash the order, and remand for further proceedings.

PETITION GRANTED; ORDER QUASHED.

JAY, C.J., and LAMBERT and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4